Blanchard v. Sheldon.

## DANIEL M. BLANCHARD v. JAMES SHELDON.

### *Gift inter vivos and donatio causa mortis. Trover.*

The defendant's testatrix in her life-time delivered to Henry L. Sheldon $300, and took a writing as follows:

"For value received I promise to pay Aurilla Ballou three hundred dollars with annual interest, on demand, if she called for it before she deceased, if not, to be paid to Daniel M. Blanchard by her order.                              HENRY L. SHELDON,

"January 12, 1867."                                         MIRANDA HINES.

This paper she retained and it was with her other papers at her decease, and she had collected no part of said amount. Her intention was in taking this paper to have it drawn so that said Daniel would have whatever she should not use of the $300. *Held* that the $300 became vested in the said Daniel, subject to be defeated only by said Aurilla's taking some further action in regard to it; and she never having taken any, the transaction can be upheld as a gift *inter vivos.*

The defendant as executor, knowing all the facts, having withheld the possession of the paper from the said Daniel, when it was demanded, and collected the money on it, rendered himself liable to an action of trover for the value of the paper.

THIS. was an action of trover, wherein the plaintiff claimed to recover for the alleged conversion of an instrument in writing. Plea, the general issue. Trial by jury, September term, 1870, BARRETT, J., presiding. Upon the facts, which are fully stated in the opinion of the court, the county court ruled *pro forma* that the plaintiff was entitled .to recover, and directed a verdict for the plaintiff, to which the defendant excepted.

*W. H. Follett* and ————————— , for the defendant.

*Chas. N. Davenport* and *H. N. Hix*, for the plaintiff.

The opinion of the court was delivered by

ROSS, J.   The plaintiff has brought this action, in trover, to recover the value of an instrument in writing, as follows :

" For value received I promise to pay Aurilla Ballou, three hundred dollars with annual interest, if she called for it before she deceased, if not, to be paid to Daniel M. Blanchard by her order.                                         HENRY L. SHELDON.

MIRANDA HINES.

" January 12, 1867."

The makers are pecuniarily responsible and have paid the whole amount, evidenced thereby, to the defendant, who is the executor of the last will of Aurilla Ballou. The only question in the case is, whether the debt evidenced by the foregoing instrument legally or equitably belonged to the plaintiff, or to said Aurilla Ballou, at the time of her decease. The plaintiff is the nephew of the said Aurilla, was brought up by her from the age of thirteen, and lived with her till he was twenty-three years of age. She had loaned him $370, and taken a mortgage on his farm in Wisconsin. In November, 1866, he sold the farm, and wrote his aunt desiring to have the mortgage discharged and asking what he should do with the money. She replied, saying she designed to give that to him, if she did not need it for her support; that he might send her $350, and she would put it where, if she did not live to want it, he could have it after she was dead, directing him to send a check on North Adams Bank, and she would fix it so he could have it if she did not live. He sent her the check. She went with it to North Adams, obtained the money and returned to the defendant's house, where she stopped over night. " While there she expressed the wish to so invest $300 of this money that if she should need any part of it in her lifetime she could collect it, but if she died without collecting it, the money and interest should go to Daniel M. Blanchard," the plaintiff. Henry L. Sheldon, the defendant's son, in the presence of his father, proposed to take the money and furnish security that her desire should be carried out. Thereupon she delivered to him the $300, and took the foregoing written instrument, which Miranda Hines signed as surety. Mrs. Ballou put the instrument with her other papers and kept it awhile, but before her decease sent it with her other papers, in a box, to the defendant, who retained the custody till after her decease.

The plaintiff, after the decease of his aunt, demanded the writing of the defendant, but he refused to give it up and collected the money due on it as a part of her estate. The plaintiff did not acquire title to this $300, as a *donatio causa mortis*. At the time this arrangement was entered into, Mrs. Ballou, for aught that appears in the case, was in her ordinary health. To sustain this

kind of a gift, it is essential it should be made in the immediate expectation of death, and to take effect only in case of death. *Smith et al.* v. *Kittredge, Adm'r.*, 21 Vt., 239 ; *French, Adm'r.*, v. *Raymond*, 39 Vt., 623. Mrs. Ballou clearly intended to give the money to the plaintiff, reserving to herself a contingent right to collect it if she should need it for her support. This is apparent from what transpired at the time she delivered the money and from her inquiry of Mr. Follett when subsequently writing her will. The writing, though somewhat inartificially drawn, evidences the same intention. We think the clear purport of that instrument is, that the makers promise to pay the plaintiff the $300, with annual interest, by the order of Aurilla Ballou, with the right on her part, to call for and collect it, if she elected so to do in her life-time ; and that she delivered the $300 to Henry L. Sheldon, as the money of the plaintiff, and for the plaintiff and not for herself, further than if she should be in need of it, and elected so to do, she could collect it for herself. We think this delivery vested the property in the $300 in the plaintiff, subject to be defeated only by his aunt's taking some further action in regard to it ; and that the transaction can be upheld as a gift *inter vivos.* So long as she refrained from calling for it, Henry L. Sheldon continued to hold the $300 for the plaintiff. The delivery in a *donatio causa mortis* may be to a third person to hold in trust for the beneficiaries, as was held in *Caldwell, Adm'r.,* v. *Renfrew*, 33 Vt., 213, and *Way* v. *Emery*, not yet reported. So a gift, *inter vivos*, may be delivered to a third person to hold for the donee. To constitute a valid gift *inter vivos*, there must be both a delivery of the gift by the donor to the donee, or to some-one for the donee, and an acceptance by the donee. In this case there was a delivery of the $300 by the donor to Henry L. Sheldon, for the plaintiff. The law presumes the acceptance of a gift by the donee when it is unaccompanied by any condition to be performed by the donee. Nor do we see, upon principle, how a gift, if absolute, and delivered to a third person for the donee, but not to be delivered to the donee till the happening of some event, or if liable to be wholly defeated if a certain event occurs, is any the less a valid gift. The only condition of defeasance in the present case was the pos-

sible election of the donor to collect some part or the whole of the money delivered. The time for exercising this election expired with the life of the donor, and the gift thereby was freed from all condition of defeasance, and the right of the donee to immediate possession of the $300 and interest became absolute. The plaintiff being thus entitled to the money, was also entitled to the possession of the written instrument as a part of the evidence of his right to the money. The paper was of that character that he could not expect to obtain the money without producing it. The defendant, knowing all the facts, withheld the possession of the paper from the plaintiff when it was demanded, and collected the money on it, and thus rendered himself liable to an action of trover for the value of the paper.

Judgment affirmed.