ISABELLE PHILLIPS *v.* EDNA PHILLIPS PLASTRIDGE ET AL.

February Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 7, 1935.

*Erwin M. Harvey* and *Finn & Monti* for the plaintiff.

*J. Ward Carver* and *Murdock A. Campbell* for the defendants.

MOULTON, J.    Isabelle Phillips, who is the widow of Frank Phillips, late of Northfield, brings this proceeding in equity, to compel Edna Phillips Plastridge, the daughter of the decedent by a former marriage, to account to the Northfield Trust Company, executor of his estate, for a sum of money claimed to be an asset of the estate, received by Mrs. Plastridge as the proceeds of the liquidation of 100 shares of the capital stock of the E. A. Chase Granite Company, Inc., the executor having refused to take action in the matter.    From a decree dismissing the bill of complaint, the plaintiff has appealed.

Without entering into a separate discussion of each of the inordinate number of exceptions taken to the findings of the chancellor, it is enough to say that the following material facts stand fully supported by the transcript: In December, 1924, at the time of the incorporation of the Granite Company, Phillips conveyed to it certain property in consideration of the issuance of 121 shares of the capital stock. Twenty-one shares were issued to him, and the balance of his allotment, was at his direction issued to his daughter, then unmarried, in her maiden name, Edna Phillips, in two certificates of 50 shares each. The certificates stated: "This certifies that Edna Phillips is the owner of fifty shares of the capital stock of E. A. Chase Granite Company, Inc., transferable only on the books of this corporation in person or by attorney, upon surrender of this certificate properly indorsed." They were not detached from the stock book, but remained in the custody of the corporation. Phillips never exercised control over, or voted the 100 shares thus represented. He died in November, 1926, and thereafter, through her attorney, Mrs. Plastridge obtained the certificates. Later on, when the business of the Granite Company was wound up and its assets distributed among the stockholders, she received $125 per share for each of the 100 shares standing in her name.

■■ There is no finding, and no testimony, that any dividends were declared and paid to anyone. The chancellor found that there was a completed gift of the stock from Phillips to his daughter.

So there was. Phillips had divested himself of all right and title to the stock, and the complete ownership had passed to his daughter. It was his voluntary act, affording an inference of the existence of a donative intent. Under the circumstances a manual delivery of the certificates was not necessary. In *Roberts' Appeal,* 85 Pa. St. 84, 86, it is said: "The gift is complete by the delivery of the thing itself, for transferring the shares to her upon the books of the company is putting her in complete possession of the thing assigned, and clothing her with the complete legal title. It stands in the place of a delivery. Such an act performs precisely the office which an actual delivery would perform if it were a chattel. It is as complete a delivery as the nature of the thing will admit of. There can be no clearer evidence of a design to part with the right of

property in favor of another than an absolute transfer of the legal title to her for her own use. * * * The certificates were but secondary evidence of her ownership, and only useful for purposes of transfer. They were nothing more than the official declaration by the company of what already appeared on their books. There was here no *locus poenitentiae.* He (the donor) could not have used the certificates, nor could anyone have used them except Miss Foster (the donee).'' And in *Chicago Title and Trust Co.* v. *Ward,* 332 Ill. 126, 163 N. E. 319, 322, '' * * * a transfer of shares on the books of the corporation passes the legal title to the person named in the stock certificate. The certificate being only secondary evidence of title and not necessary, the transfer on the books at the instance of the donor being the best evidence of the delivery of which the gift is susceptible, no other rule is compatible with the principle of protection of the donee against retraction of a completed gift.'' To the same effect are *Thomas* v. *Thomas,* 70 Colo. 29, 197 Pac. 243, 245; *Deming* v. *Williams,* 26 Conn. 226, 68 A. D. 386, 387; *Barnhouse* v. *Dewey,* 83 Kan. 12, 109 Pac. 1081, 1083, 29 L. R. A. (N. S.) 166; and see *Fletcher* v. *Fletcher,* 55 Vt. 325, 327; *Ross* v. *Draper,* 55 Vt. 404, 407, 45 A. R. 624. *In re Estate of Heller,* 210 Wis. 474, 480-482, 246 N. W. 683, cited by the plaintiff, seems to be to the contrary, although there were circumstances from which it might be possible to infer that the stock had not in fact passed out of the dominion and control of the alleged donor. However, we approve and adopt the doctrine stated in the cases previously mentioned. Other decisions cited by the plaintiff deal with situations where a stock certificate having been indorsed, remained in the possession of the alleged donor, or where, in one way or another, complete control over the securities had not been relinquished by him.

■ There is no specific finding of an acceptance of the stock by Mrs. Plastridge. But the law presumes an acceptance of a gift by the donee, when it is unaccompanied by any condition to be performed by him. *Blanchard* v. *Sheldon,* 43 Vt. 512, 514. Especially is this true where the gift is from parent to child, ''for it will be taken that an absolute gift from a father to a child is beneficial to the child and is accepted by him unless the contrary is shown, and this though the child may be ignorant of the transaction.'' *Harris* v. *Harris' Estate,* 82 Vt. 199, 210, 72 Atl. 912, 916.

So we have here in an intentional, voluntary, and unconditional transfer of title to the stock, the equivalent of an actual delivery, and, since the contrary does not appear, a presumed acceptance. Thus all the essentials of a completed gift are shown to exist. *Rice* v. *Bennington Savings Bank*, 93 Vt. 493, 498, 108 Atl. 708. The decree was justified, upon the facts found.

In reaching this conclusion we have omitted from consideration the finding that, in 1925, Elroy A. Chase, president of the Granite Company, erroneously reported to the commissioner of taxes that Phillips was the owner of 120 shares of stock in the company. That this finding is immaterial to the issue is too clear to require discussion. Nothing contained therein could have had any effect upon Mrs. Plastridge's title, the plaintiff's claim to the contrary notwithstanding. The plaintiff argues that there was no evidence that the report was erroneous. But there was, because the 100 shares of stock stood in Mrs. Plastridge's name.

What we have said disposes also of most of the exceptions to the failure of the chancellor to comply with certain requests for findings, which are quite as numerous as the exceptions to the findings themselves. Some of these requests call for conclusions of law, which have already been considered, and which, if made, would be without force. *Smith* v. *Vermont Marble Co.*, 99 Vt. 384, 386, 133 Atl. 355. Others call for findings of fact which the evidence did not require the chancellor to make, and present no question worthy of notice. The contrary not appearing, we must assume that he considered all the evidence bearing upon the issue and duly weighed all presumptions and inferences. *McClary* v. *Hubbard*, 97 Vt. 222, 237, 122 Atl. 469; *Green's Admr.* v. *Mason*, 84 Vt. 289, 293, 79 Atl. 48.

Two exceptions relate to the failure to find that Phillips did not inform his daughter that the certificates had been made out in her name, and that she did not vote the stock. Each of these requests is justified in the plaintiff's brief on the ground that it bears upon the question of Mrs. Plastridge's knowledge of the transaction. There is no evidence, one way or the other, as to the first request. But the ignorance of Mrs. Plastridge as to the matter (if such there was) is immaterial. *Harris* v. *Harris' Estate, supra.* So no error is made to appear.

*Decree affirmed, and cause remanded.*