JOHN CONNOR ET AL. *v.* FEDERAL DEPOSIT INS. CORP.

Special Term at Rutland, November, 1941.

Re-argued, February Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 5, 1942.

*M. G. Leary, M. G. Leary, Jr.,* and *Bernard J. Leddy* for plaintiffs.

*McNamara & Larrow* for defendant.

JEFFORDS, J.   This case, which by permission of Court has been reargued, presents the question to what extent, if any, the defendant is liable as insurer of an account standing in the names of the plaintiffs at the time the Winooski Savings Bank was placed in the hands of a receiver.   The case was tried by the Court and judgment was entered for the defendant, with exceptions to the plaintiffs.   The findings, as far as here material, disclose that the Winooski Savings Bank was an insured bank under the terms of the act by which the defendant was created.

Prior to December 13, 1937, Connor had on deposit in that bank in account No. 11202 the amount of $8146.75. On that day he transferred from this account $3200.00 to another account, No. 29567 in favor of "John Connor or sister, Marie Young, or survivor." Mrs. Young is the other plaintiff in this action. At the time of the transfer it was the intention of John to make a gift to his sister. On the date of the transfer the treasurer of the bank wrote Connor a letter stating that the transfer had been made and that in the event of Connor's death, under the present Vermont law, the money on the new account would go to his sister. The deposit card No. 29567 was signed by John but not by Mrs. Young. Since the date of the transfer, at all times material, Connor has retained possession of the deposit book on this latter account and neither he nor his sister have made any withdrawal from it. Prior to December 13, 1937, Connor had told Mrs. Young that he was going to open an account in their joint names and subsequently to that date he informed her that he had done so. After the creation of the joint account it was the understanding of Mrs. Young that the money was "just as much mine as his and his just as much as mine." On July 28, 1938, the Winooski Savings Bank was placed in the hands of the defendant as receiver and the latter has paid Connor the sum of $5000.00, being the amount in deposit No. 11202 and $3.79 on account of account No. 29567. Proper claim has been made by Connor on the defendant for payment of the balance in account No. 29567.

Section 12 B of the Federal Reserve Act, as added to by the act of June 16, 1933, C. 89, sec. 8, 48 St. at L. 168, and amended by subsequent acts, 12 U. S. C. A. sec. 264, provides for the creation of a Federal Deposit Insurance Corporation. The material portions of this act as set forth in 12 U. S. C. A. sec. 264 are as follows: In subsection (a) it is stated that the Corporation shall insure, as hereinafter provided, the deposits of all banks which are entitled to the benefits of insurance under this section. By subsection (c) which defines various terms used in the act, in paragraph 12 it is provided that "deposit" means the unpaid balance of money or its equivalent received by a bank in the usual course of business and for which it has given or is obligated to give credit to a commercial, checking, savings, time or

thrift account, or which is evidenced by its certificate of deposit * * * ." By paragraph 13 of subsection (c) it is provided that, "The term 'insured deposit' means the net amount due to any deposit or deposits in an insured bank (after deducting offsets) less any part thereof which is in excess of $5000.00. Such net amount shall be determined according to such regulations as the board of directors may prescribe, and in determining the amount due to any depositor, there shall be added together all deposits in the bank maintained in the same capacity and the same right for his benefit either in his own name or in the names of others, except trust funds which shall be insured as provided in paragraph 9 of subsection (h) of this section." In subsection (l) paragraph 6 it is provided that in any case where the Corporation is not satisfied as to the validity of a claim for an insured deposit it may require the final determination of a court of competent jurisdiction before paying such claim.

The plaintiffs claim, in effect, that under the findings they are entitled to a judgment for the full amount of the joint account on the theory that as a result of the transfer they became joint owners of that account, which was not maintained by Connor in "the same capacity and the same right" as his individual account. The defendant in support of the judgment claims, in substance, that the transfer has no legal effect because there was no delivery of the deposit book of the joint account to Mrs. Young and thus no completed gift of any interest in the joint account to her so that both accounts are in fact and in law those of John Connor only. Both parties take the position in their briefs and in oral argument that the answer to this question depends largely, if not wholly, upon the construction to be given to our holdings in *Rice et al., Exrs.* v. *Bennington County Savings Bank,* 93 Vt. 493, 108 Atl. 708, as affected by P. L. 6722 and the later case of *Patch* v. *Squires,* 105 Vt. 405, 165 Atl. 919. In the Rice case it was held, in substance, that in order to create a joint interest in a bank deposit there must exist a donative intention on the part of the donor to create a gift *in praesenti* of an interest in the deposit and a valid delivery of the pass book and order to the donee. There it was considered, as here found, that there was no delivery of the pass book to the alleged donee. After the decision in that case the statute (G. L. 5376, now P. L.

6721) was amended. This amendment (No. 97, Acts of 1923, now P. L. 6722) is as follows: "The recital of the words 'payable to either or to the survivor' or words of like effect in the order creating such account (a bank deposit made in the names of two persons) and signed by the person or persons who furnish the funds for such deposit shall be conclusive evidence, as between the payees and their legal representatives, of the creation of an absolute joint account; but nothing herein shall prevent the proof of fraud, undue influence, or incapacity, to defeat such joint interests." After the enactment of this amendment came the Patch case which was a proceeding in chancery to set aside certain transfers of bank deposits as in fraud of the marital rights of the plaintiff, the husband of the donor. The bill of complaint in that case did not attack the validity of the transfers on the ground that the gifts were not completed by a sufficient delivery of the deposit books. There was an attempt by the plaintiff in his brief to present this question under the authority of the Rice case. After setting forth the amendment of 1923, here above referred to, the Court says at page 409: "It is unnecessary on the record before us to discuss the extent of the change in our common law effected by this added provision of the statute. It is enough for present purposes to say that its aim was to supersede the decision in the Rice case by allowing donative intention to prevail without the technical formality of a delivery of the deposit book. That essential element of a valid gift is conclusively presumed when the form of the deposit is in conformity with that described in the statute." Inasmuch as that suit was not between the payees to the accounts in question or their legal representatives the present plaintiffs claim that the effect of the last two above quoted sentences is a holding that P. L. 6722 makes a deposit in the form stated conclusive evidence of an absolute joint account not only as between the persons therein named but also as to third persons. The defendant says, in effect, that these quoted portions of the opinion are merely *obiter* and are no authority for a conclusion that the holding in the Rice case has been changed as to third persons by the statute and consequently as to it there was no valid gift of any interest in the joint account to Mrs. Young and therefore this account was not an insured deposit within the meaning of the Federal act separate from the individual deposit of Connor.

It is true that the above quoted statements were not necessary for the decision in the Patch case under the issues presented by the pleadings but it is equally true that they set forth correctly the purpose of the statute and the results flowing therefrom. No limitations on the conclusive presumption raised by the statute are stated or indicated in the opinion in that case confining such presumption to the persons named in the statute. The quoted statements were applied to the factual situation there presented which was similar, as far as the point here under discussion is concerned, to that in the present case. From these statements, and especially the sentence last above quoted, it is apparent it was considered that the presumption was not restricted in its effect to such named persons but also applied in its consequences to third persons. A reasonable construction of the statute discloses that no such restriction was intended by the Legislature.

In general the validity of a gift is a question entirely between the donor and those claiming under him, and the donee. 28 C. J. 655, sec. 54. If a gift is valid as between the donor and donee no third person can complain unless in some manner his rights have been illegally infringed because of the gift. Neither the language of the statute nor any reasonable inference to be drawn therefrom warrants the holding that the Legislature intended therein to nullify or restrict the above common law rules applying to gifts generally.

It follows that the gift by Connor to his sister of an interest in the joint account was as complete and perfect as it would have been under the common law, as recognized by us, if there had been a delivery of the pass book by him to her. By virtue of the statute she became an owner with him of this account. It is apparent that the Legislature by including words of survivorship in the statute intended to attach the attributes of a joint tenancy rather than those of a tenancy in common to the absolute joint account which it created. No fraud is claimed in connection with the creation of the joint account. As far as appears it was made in good faith in the ordinary course of business. The fact that the interest of Mrs. Young in the account came to her as a gift does not relieve the defendant from its liability as insurer. *Federal Deposit Insurance Corporation* v. *Barton*, 10 Cir., 106 F. 2d 737. Nor does the fact that the de-

posit card for account No. 29567 was not signed by Mrs. Young change the result reached as this requirement was apparently merely a rule of the bank which it could waive and did not affect her rights under the statute.

The case of *Moskowitz* v. *Marrow,* 251 N. Y. 380, 167 N. E. 506, 66 A. L. R. 870, is relied upon by both parties on this point. It is sufficient to say in regard to it that the statute therein construed was so different in its wording from ours as to make that decision of no value here.

The defendant concedes that if we should hold as we have on the question of joint ownership the joint account is insured under the Federal act separate from the individual deposit of Connor. Consequently the plaintiffs are entitled to recover from the defendant the amount of the joint account subject to the terms of that act. The findings do not show the exact amount of the account as of the date that the defendant became liable as insurer to pay the same. Thus the case must be remanded for a determination of this amount. In determining the amount due an adjustment must be had for the payment heretofore made by the defendant to Connor on the joint account.

*Judgment reversed and cause remanded for the purpose of ascertaining the amount of the joint account, in accordance with the views herein expressed, at the time the defendant became liable as insurer for payment of the same under the act of Congress incorporating the defendant. When this amount has been determined let judgment be entered for the same in favor of the plaintiffs, without costs below or in this Court. The defendant to be fully protected in the judgment order in its subrogation rights as set forth in said act.*