## In re Arthur Chamberlin (Elaine Hoadley, Appellant)

[360 A.2d 100]

No. 215-75

Present: Smith, Daley, Larrow and Billings, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 1, 1976

Leighton C. Detora of Richard E. Davis Associates, Inc., Barre, for Petitioner.

Adams, Meaker and Darby, Waterbury, for Appellant.

**Larrow, J.** Petitioner Chamberlin sought from the Washington County Court a declaratory judgment that his Duxbury junkyard is a pre-existing, non-conforming use under the zoning ordinance of that town. He had been granted a variance by the Duxbury Zoning Board of Adjustment in 1973, but the appellant, his neighbor, appealed this grant to the Washington Superior Court and was awarded a summary judgment.

Interestingly enough, the case below was tried without introducing the Duxbury ordinance into evidence. The finding that it was adopted in March, 1971, is unchallenged, however, and for our purposes we will assume, as the parties do, that its provisions conform to the applicable statutes.

In its findings issued June 27, 1975, the trial court found that the petitioner, who acquired title to his property in 1965, had maintained a junkyard thereon "for the past 15 years." It further found that prior to 1967 he was not required to obtain a license from the State Highway Board or approval from the Town of Duxbury to operate his junkyard. Without explanation of the significance of this date, the court concluded that his junkyard was a pre-existing, non-conforming use with respect to the Duxbury zoning ordinance, under which it is not a permitted use in the agricultural-residential district in which it lies. The subsequent judgment order so declared, and also held that he did not need a variance to operate a junkyard or to obtain a license from the State Highway Board. This appeal followed.

A non-conforming use is defined by 24 V.S.A. § 4408(a)(1) as follows:

> "Non-conforming use" means a use of land or a structure which does not comply with all zoning regulations

where such use conformed to all applicable laws, ordinances and regulations prior to the enactment of such regulations.

From the findings, petitioner's junkyard had its inception in June, 1960. Under the quoted section, therefore, the controlling question is whether its existence was legal when Duxbury adopted its zoning ordinance in March, 1971. The trial court concluded that it was. We disagree, and reverse. Petitioner concedes that he took no steps whatever toward legal approval prior to his 1973 variance application, and we conclude that some approvals, at least, were required during all the period of his operation.

24 V.S.A. § 2062 (formerly V.S. 3767) was in effect in 1960. It provided:

A person shall not establish or enlarge a motor vehicle junkyard business unless he shall first obtain a certificate of approval of the location to be used therefor from the legislative body wherein such location shall be situated.

Effective July 28, 1961, the applicable statute was changed to 24 V.S.A. § 2069, reading as follows:

A person shall not operate, establish or maintain a junkyard until he (1) has obtained a license to operate a junkyard business and (2) has obtained a certificate of approval for the location of such junkyard.

A procedural framework for application and licensing was provided, and 24 V.S.A. § 2079, with existing locations considered to have been approved. On proper application, and compliance with new statutory requirements, licenses would automatically issue.

The current law (24 V.S.A. § 2241 et seq.) became effective in 1969, providing for site location approval by local authorities and setting up the State Highway Board as the licensing authority.

It is thus apparent that at no time since 1960 has the petitioner been in compliance with applicable law in his junkyard operation. He is not, therefore, within the protective provisions of 24 V.S.A. § 4408(a)(1), and the contrary findings and conclusions of the trial court are clearly erroneous.

V.R.C.P. 52; *Russell* v. *Pare*, 132 Vt. 397, 321 A.2d 77 (1974). Cf. also R. Anderson, American Law of Zoning § 6.11 (1968).

Assuming as we must that the issuance of a variance has been adjudicated against him by the prior summary judgment, unappealed from, the certificate of compliance with the local ordinance required for issuance of a license under 24 V.S.A. § 2251 cannot be complied with. The trial court's declaration that petitioner does not require a variance is error. Other contentions raised by the appellant are not reached under our disposition of the case.

. *The judgment of the Washington Superior Court is reversed. It is adjudged and decreed that petitioner's existing junkyard on Stevens Road in the Town of Duxbury, on land acquired by him by deed dated July 16, 1965, and recorded in Book 38, page 68, of the Duxbury Land Records, is not a nonconforming use under 24 V.S.A. § 4408(a)(1).*