## Neal V. Tucker v. Merchants Bank, et al.

[382 A.2d 212]

No. 3-77

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed December 20, 1977

*Angell & Angell,* Randolph, for Plaintiff.

*Gary D. McQuesten* and *David L. Cleary* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant estate.

**Barney, C.J.**    The plaintiff sought to withdraw funds on deposit in the defendant bank after the death of his mother, the depositor. The bank refused to honor the withdrawal request. Mrs. Tucker had other children and so her estate has made claim to the deposit. On suit, the trial court found a surviving joint interest in the plaintiff entitling him to the balance of the account. The appeal is by the Alyce R. Tucker Estate.

The facts are important. In November, 1972, Alyce R. Tucker withdrew the money from her savings account and deposited it in a so-called 90-day notice account, along with some other funds. In July, 1973, she returned to the bank and asked to have

the plaintiff's name added to the account. Accordingly, his name was added to hers on a new passbook so that the account was titled "Mrs. Alyce R. Tucker or Neal Vancel Tucker." The full name of the plaintiff was used at the specific instruction of Mrs. Tucker.

A signature card was prepared at the same time, which was signed by Mrs. Tucker on the front, and the name of the plaintiff typed in on the second signature line. Neither this signature card nor any other was ever signed by the plaintiff in connection with this account. Moreover, the reverse of the card was never signed by anyone. This, if effective, would have authorized the bank to, among other things, honor the account as a joint account with the right of survivorship. It also would have represented an agreement that it would be such an account as between the parties signing.

The plaintiff was never asked to sign any signature card by Mrs. Tucker and knew nothing of the account until told about it by her six days before her death in 1976. The passbook was never turned over to him by her. It came into his possession as part of the contents of her pocketbook, which was handed to the plaintiff by his brother when Mrs. Tucker was taken to the hospital. The evidence also disclosed that Mrs. Tucker was familiar with joint accounts and trust accounts, since she had such accounts with and for other children.

■ There is a statute involved. 8 V.S.A. § 909 provides:

> The recital of the words "payable to either or to the survivor" or words of like effect in the order creating such account and signed by the person or persons who furnish the funds for such deposit shall be conclusive evidence, as between the payees and their legal representatives, of the creation of an absolute joint account. However, nothing herein shall prevent the proof of fraud, under [sic] influence, or incapacity, to defeat such joint interests.

The case of *Patch* v. *Squires*, 105 Vt. 405, 165 A. 919 (1933), states at page 409 that this statutory provision came about as an amendment to then G. L. 5376 by No. 97 of the Acts of 1923 for the purpose of overruling the majority holding in *Rice* v. *Bennington County Savings Bank*, 93 Vt. 493, 108 A. 708 (1920). The *Patch* opinion states:

It is unnecessary on the record before us to discuss the extent of the change in our common law effected by this added provision of the statute. It is enough for present purposes to say that its aim was to supersede the decision in the Rice Case [sic] by allowing donative intention to prevail without the technical formality of a delivery of the deposit book. That essential element of a valid gift is conclusively presumed when the form of the deposit is in conformity with that described in the statute.

This position was reaffirmed by this Court in *Connor* v. *Federal Deposit Insurance Corp.*, 112 Vt. 380, 384, 26 A.2d 105 (1942). This added comment appears:

It is apparent that the Legislature by including words of survivorship in the statute intended to attach the attributes of a joint tenancy rather than those of a tenancy in common to the absolute joint account which it created.

Here the form of the deposit is indisputably not in the form of the statute, 8 V.S.A. § 909. If the presumptions of that law are to obtain, its application must be generated by the presence of "words of like effect" to those directly stating "to either or to the survivor." There is no doubt but that the Legislature did not intend to confine depositors to a single ritualistic formula in order for the statute to have application. But it is also not to be questioned that for that to happen, the words used must be of like meaning and substance. In this case the only added operative word aside from the name of the plaintiff is the word "or" inserted between the two names.

The added word may be protective to the bank in the event of a disbursement, through the application of 8 V.S.A. § 908, but in *Rice* v. *Bennington County Savings Bank, supra*, 93 Vt. 493, 503, 108 A. 708 (1920), the use of the word "or" was held to demonstrate an intent contrary to a joint tenancy with survivorship. This is also recognized at page 511 in Justice Powers' dissent, concurred in by Justice Miles. It certainly must be acknowledged as unlikely and improbable that the Legislature intended to, sub silentio, convert all bank accounts payable merely to A *or* B to joint accounts with survivorship under 8 V.S.A. § 909. The statute simply does not say that, and could

have easily done so. "Or" is not an operative word "of like effect" indicating survivorship under 8 V.S.A. § 909.

Not all joint accounts are survivorship accounts under our cases. This means that use of the word "joint" is not definitive in deciding whether or not an account carries a right of survival with it. See *Connor* v. *Federal Deposit Insurance Corp., supra,* 112 Vt. 380, 384, 26 A.2d 105 (1942). Also, if "or" is taken to mean "or the survivor," it would change the intended characteristics of those accounts not contemplating survivorship rights. Neither the case law nor the statute express such an intention.

■ Therefore, if the judgment below can be sustained, it must be done without the aid of the statute's conclusive presumption. This means that the evidence in the case must demonstrate all the elements of a gift inter vivos. See *Tyree* v. *Ortiz,* 127 Vt. 177, 184, 243 A.2d 774 (1968). The burden of establishing such a gift is on the plaintiff, and where, as here, no claim is asserted on the bank account until after the death of the claimed donor, the claim must be regarded with suspicion, and it is the policy of the law to receive the evidence of the claim with caution, and require it to be established by proof so clear and convincing as to overcome that suspicion. *Little* v. *Little,* 124 Vt. 178, 185, 200 A.2d 276 (1964).

■ The evidence in this case does not meet that standard. The only statement by Mrs. Tucker testified to by the bank official was that she wanted the name of her son Neal, the plaintiff, added to this account. That, without more, is no proof of an intention to make a gift of a surviving interest. The alleged donor did not surrender the passbook to her son or otherwise divest herself of control of the account and put ownership into Neal. *Phillips* v. *Plastridge,* 107 Vt. 267, 269-70, 179 A. 157 (1935), stands for the proposition that where everything was done to effectuate a gift including divestiture of control, acceptance will be presumed of a gift between parent and child. Divestiture cannot be presumed from that relationship alone, however, and even delivery of the passbook may not suffice to fulfill the requirements of an absolute gift. *Little* v. *Little, supra,* 124 Vt. 178, 185-86, 200 A.2d 276 (1964). Furthermore, the lack of words of survivorship denies to a claim of gift the support

their presence would give to a donative intent. Thus there is nothing to support either a finding that this was a joint account under 8 V.S.A.§ 909, or one established outside of its provisions.

The trial court did not find an intention to establish a joint account with a right of survivorship, but only that Mrs. Tucker intended to create a joint account with Neal. If the meaning of its finding was that Mrs. Tucker intended to establish a joint account with a right of survivorship, it is in error. If the finding is taken literally, it is accurate, but the judgment is unsupported for lack of a finding of the intention to make the account one of survivorship independent of the statute. In either event, we must reverse the judgment for lack of evidentiary foundation. *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc.*, 134 Vt. 167, 170, 352 A.2d 676 (1976).

The action being one for declaratory judgment, with the facts demonstrably insufficient to support the plaintiff's position, we will make the appropriate declaration here. See *In re Chamberlin*, 134 Vt. 359, 362, 360 A.2d 100 (1976).

*The judgment of the Orange Superior Court is reversed. It is adjudged and decreed that the account in the Merchants Bank numbered 16-80206, standing in the names of Alyce R. Tucker and Neal Vancel Tucker, is not a joint account with right of survivorship.*