**Leon C. Tucker, Administrator of the Estate of Alyce R. Tucker v. Madeliene E. Colburn and The Merchants Bank**

[436 A.2d 1095]

No. 224-80

Present: **Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.**

Opinion Filed September 1, 1981

*Robert S. Burke* and *George H. Spangler* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

Law Offices of *Davis, Rounds & Mayhew, P.C.*, Windsor, for Colburn.

*Abare, Donaghy & Nicholls, P.C.*, Barre, for Merchants Bank.

**Billings, J.** This is an appeal by the plaintiff from a judgment of the Orange Superior Court ordering the defendant Merchants Bank to deliver the proceeds of a savings account to the defendant Colburn.

In September 1973, Alyce R. Tucker and her daughter, Madeliene Colburn, opened an account at the defendant Bank's office in Barre, Vermont, in the name of "Alyce R. Tucker or Madeliene Colburn." All of the funds deposited in the account came from Mrs. Tucker. When the account was opened Mrs. Tucker signed the front of the signature card and Madeliene Colburn, pursuant to her mother's direction, printed her name on the card. The reverse of the card was never signed by anyone. If the reverse had been signed it would have authorized the Bank to honor the account as a joint account with the right of survivorship. It also would have represented an agreement that it would be such an account as between the signing parties. Mrs. Tucker retained possession of the passbook. On the return ride to Mrs. Tucker's home, she informed her daughter that she had created a joint account with the right of survivorship. Two days before Mrs. Tucker's death, while in the hospital, she gave the passbook to her son and said that "She probably wouldn't be seeing her [Mrs. Colburn] again, and make sure she got the book." Approximately four days after Mrs. Tucker's death, the son mailed the passbook to the defendant Colburn.

The plaintiff, the administrator of Mrs. Tucker's estate, brought an action in Orange Superior Court. The court found the account to be an inter vivos gift from Mrs. Tucker to Mrs. Colburn, and ordered the Merchants Bank to deliver to Mrs. Colburn the proceeds of the account. The plaintiff has appealed. Mrs. Colburn has filed a cross-appeal asserting that the Merchants Bank was negligent in not establishing a joint account with the right of survivorship, and that the Bank had engaged in practices prohibited by 9 V.S.A. § 2453.

8 V.S.A. § 909 states in part:

> The recital of the words "payable to either or to the survivor" or words of like effect in the order creating such account and signed by the person or persons who furnish the funds for such deposit shall be conclusive

evidence, as between the payees and their legal represent- atives, of the creation of an absolute joint account. . . .

In the case at hand the insertion of the word "or" between two names on an account, without more, is insufficient to create a joint account with right of survivorship. *Tucker* v. *Merchants Bank,* 135 Vt. 597, 600, 382 A.2d 212 (1977).

The judgment below can therefore be sustained only if the evidence demonstrates all of the necessary elements of an inter vivos gift, *Tucker* v. *Merchants Bank, supra.* These elements are: (1) a manifest intention to create a present interest in the donee during the joint lives of the donor and donee, (2) an unconditional delivery or divestiture of the thing transferred, and (3) acceptance by the donee. *Tyree* v. *Ortiz,* 127 Vt. 177, 243 A.2d 774 (1968); *Phillips* v. *Plastridge,* 107 Vt. 267, 179 A. 157 (1935). Acceptance will be presumed if the first two elements are established. The burden of establishing the elements is on the donee. Where, as here, no claim is asserted on the bank account until after the death of the claimed donor, the claim is regarded with suspicion and it must be established by proof so clear and convincing as to overcome that suspicion. *Tucker* v. *Merchants Bank, supra; Little* v. *Little,* 124 Vt. 178, 200 A.2d 276 (1964). The trial court found from the evidence an attempt to establish an inter vivos gift to defendant Colburn, but the court failed to make any finding on delivery. Delivery, under our law, must be such as to vest an interest, immediately and irrevocably, in the donee. *Tucker* v. *Merchants Bank, supra; Little* v. *Little, supra; Rice* v. *Bennington County Savings Bank,* 93 Vt. 493, 108 A. 708 (1920). Here the only evidence regarding delivery is the testimony of Mrs. Tucker's son that she stated on her death bed that she would not be seeing her daughter again and that he should make sure she got the passbook. This evidence fails to clearly show an attempt on the part of the donor to surrender all present and future dominion over the deposit. *Little* v. *Little, supra.* As an essential element of an inter vivos gift is lacking, it must fail.

During oral argument the defendant Colburn relied heavily on *Blanchard* v. *Sheldon,* 43 Vt. 512 (1871). In that case the defendant's testatrix delivered $300.00 in cash to a

third party during her lifetime and took back a note from the third party in the same amount stating if the donor during her lifetime did not call for it at her death that amount would be paid to the plaintiff. The court found the intent of the donor to vest a present interest in the donee to be clearly expressed, although the interest was defeasible. In the case at hand, however, there is no clear and convincing evidence from which the court could have concluded that Mrs. Tucker intended to vest an interest in Mrs. Colburn when she gave the passbook to her son.

As this action is for declaratory judgment, with the facts clearly insufficient to support the defendant Colburn's claim, we will make the appropriate declaration here. *Tucker* v. *Merchants Bank, supra.*

With regard to the dismissal of the defendant Colburn's cross-claim against the defendant Bank, the trial court found that Mrs. Tucker did not inform the Bank that she desired to open a joint account with the right of survivorship. The court also found that the Bank did not engage in any practices prohibited by 9 V.S.A. § 2453. Findings of fact will not be set aside unless clearly erroneous. V.R.C.P. 52; *Vermont Structural Steel Corp.* v. *S. D. Ireland Concrete Construction Corp.*, 137 Vt. 371, 406 A.2d 392 (1979). The dismissal of the cross-claim is without error.

*Affirmed as to Madeliene Colburn's cross-claim against The Merchants Bank; reversed as to the claim of Leon C. Tucker, Administrator of the Estate of Alyce R. Tucker, against Madeliene Colburn and The Merchants Bank. It is adjudged and decreed that the savings account in The Merchants Bank No. 06-24370 standing in the names of Alyce R. Tucker or Madeliene Colburn is not a joint account with right of survivorship and it is ordered that The Merchants Bank deliver the proceeds thereof to the Administrator of the Estate of Alyce R. Tucker.*