## In re Estate of Bertha Mae Adams

[587 A.2d 958]

No. 88-120

Present: Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed December 28, 1990

*Deborah S. McCoy* of *Keyser, Crowley, Banse & Facey,* Rutland, for Appellant.

*John F. Evers, Susan M. Murray* and *R. Brandon Johnson,* Law Clerk (On the Brief), of *Langrock Sperry Parker & Wool,* Middlebury, for Appellee.

*R. Clarke Smith* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Executor-Appellee.

**Peck, J.** Appellant Caryl T. Adams, a residuary legatee of the estate of decedent, Bertha Mae Adams, appeals from a superior court judgment order disposing of certain assets of the estate and granting the executor a fee greater than the statutory amount. We affirm.

Appellant argues that three bank accounts should have been included in the estate because there was no clear and convincing evidence that the accounts were joint accounts with rights of survivorship, otherwise known as absolute joint accounts. He also argues that a fourth account should have been included in the estate because it did not constitute a valid trust. Finally, appellant challenges the trial court's conclusion that the estate was one of unusual difficulty and responsibility which entitled the executor to fees in excess of the statutory amount.

Bertha Mae Adams died in August of 1982. Passbooks and certificates of deposit were found among her possessions. Albert Wilson, the executor of the estate, initially included all of the bank accounts in an inventory taken in November of 1982. In February of 1985, the executor moved to amend the inventory to exclude the accounts from the estate because they were jointly owned by the decedent and one or the other of her two children, Caryl Adams and Evelyn Lindquist. The probate court granted the executor's motion, and Caryl Adams appealed to the Rutland Superior Court.

At the time of her death, decedent's name was on seven bank accounts: five savings accounts and two certificates of deposit. The superior court permitted the removal of all but one of the accounts from the probate estate. The court also affirmed the probate court's determination that the estate was one of unusual difficulty and responsibility, and that the executor accordingly was entitled to more than the statutory per diem fee. The matter was returned to the probate court, which issued a final disposition in accordance with the superior court's opinion. This appeal followed.

I.

Appellant contends that the superior court erred in affirming the probate court's decision to exclude from the estate three joint accounts. We disagree.

8 V.S.A. § 908 states, in part, that

[w]hen a deposit has been made in a bank in the names of two or more persons, payable to any one of them, or payable to the survivors or any one of the survivors, such deposit or any part thereof, or any interest or dividend thereon may be paid to any one of such persons, whether the others are living or not . . . .

8 V.S.A. § 909 states, in part, that

the words "payable to either or to the survivor" or words of like effect in the order creating such account and signed by the person or persons who furnish the funds for such deposit shall be conclusive evidence, as between the payees and their legal representatives, of the creation of an absolute joint account.

■ The superior court found that the three accounts in issue "all contain in the deposit book clear indication that the account was established as a joint deposit as defined in Title 8 V.S.A. § 908 and § 909." This conclusion cannot be sustained under the § 909 method of proving the existence of an absolute joint account. Mrs. Lindquist was not able to produce for the three accounts an order creating the account, signed by decedent and bearing the recital of the words "payable to either or to the survivor" or words to the like effect. Also, Mrs. Lindquist did not introduce evidence showing that such an order must have existed but was lost.

Under prior law, since § 909 does not apply, the court's conclusion could only be sustained if Mrs. Lindquist established the elements of valid inter vivos gifts with respect to the accounts. See *Tucker v. Colburn*, 140 Vt. 186, 189, 436 A.2d 1095, 1097 (1981); *Tucker v. Merchants Bank*, 135 Vt. 597, 600, 382 A.2d 212, 214 (1977). She would have had to show "a manifest intention to create a present interest in [her] during the joint lives of [decedent and her]" and "an unconditional delivery or divestiture of the [accounts] transferred." *Colburn*, 140 Vt. at 189, 436 A.2d at 1097. There is no evidence that decedent delivered the accounts or divested herself of them.

■ However, we agree with the Supreme Court of Montana that "[s]tringent application of gift theory elements . . . ignores the reality of modern practice relating to joint and survivorship bank accounts." *Malek v. Patten*, 208 Mont. 237, 244, 678 P.2d 201, 205 (1984). While recognizing that it is a minority view, we are inclined to agree that if a party cannot rely on the statutory method for proving the existence of an absolute joint account, it may prove that an absolute joint account exists by establishing that the account was intended to be an absolute joint account by the creator. See *Wigand v. State Department of Public Health & Welfare*, 454 S.W.2d 951, 955 (Mo. Ct. App. 1970); *Sawyer v. Lancaster*, 719 S.W.2d 346, 349 (Tex. Ct. App. 1986) (although the language "payable to the survivor" did not meet the statutory requirements for the establishment of a joint account with right of survivorship, it raised a rebuttable presumption of *intent* to create a joint account with right of survivorship). " '[O]ur goal should be to effectuate the intent of the party or parties creating [joint] accounts.' " *Corrigan v. Coughlin*, 11 Ohio App.

3d 176, 177, 463 N.E.2d 1258, 1260 (1983) (quoting *In re Estate of Thompson*, 66 Ohio St. 2d 433, 437, 423 N.E.2d 90, 94 (1981)). Accordingly, we hold that even if an account fails to satisfy the requirements of 8 V.S.A. § 909, the court may still conclude that an account is an absolute joint account if it finds by clear and convincing evidence that the creator of the account intended to establish a joint account with right of survivorship.[1]

The superior court in the instant case did not specifically find that decedent intended to create absolute joint accounts, nor was it aware of the correct standard of proof. The court did, however, make the ultimate finding that the disputed accounts all contained "in the deposit book clear indication that the account was *established* as a joint deposit as defined in Title 8 V.S.A. § 908 and § 909." (Emphasis added.) Although it is the better practice to report all the facts upon which an ultimate finding is based, "we have held on numerous occasions that if the record supports the ultimate finding, we will affirm." *In re Neglected Child*, 129 Vt. 234, 237, 276 A.2d 14, 16 (1971) (citing *Cass-Warner Corp. v. Brickman*, 126 Vt. 329, 333, 229 A.2d 309, 312 (1967)); *In re Lake Seymour*, 117 Vt. 367, 373, 91 A.2d 813, 817 (1952).

The superior court found that the accounts were established as absolute joint accounts. It is generally presumed that one intends the natural consequences of one's acts. *Bristol-Myers Co. v. Picker*, 302 N.Y. 61, 71, 96 N.E.2d 177, 182 (1950). Since decedent established the accounts as absolute joint accounts, presumably she intended to so establish them. The record supports this inference. The parties stipulated that the disputed accounts were all recorded in the respective banks as joint accounts for decedent and Mrs. Lindquist and the passbooks of all the accounts included some version of the language "payable to either or the survivor of either." It is uncontested that the passbooks were all found in decedent's possession, and no allegation was made that decedent was unaware of the right

---

[1] We overrule *Tucker v. Merchants Bank*, 135 Vt. 597, 382 A.2d 212 (1977), and *Tucker v. Colburn*, 140 Vt. 186, 436 A.2d 1095 (1981), to the extent those cases hold that the existence of an absolute joint account may be proven only by satisfying either 8 V.S.A. § 909 or the common law requirements of an inter vivos gift.

of survivorship language in the passbooks. The creation by the bank of a

> joint account at the order of the deceased, and the acceptance by her of the book of deposit reciting that it was issued to her and to [a second person] "Payable to either or the survivor" were tantamount to an agreement by the deceased that the account in question should be held upon those terms.

*Sullivan v. Hudgins,* 303 Mass. 442, 444–45, 22 N.E.2d 43, 44–45 (1939). Thus, decedent's acceptance of deposit books bearing survivorship language is evidence of her intent that the accounts be absolute joint accounts.[2]

Moreover, in the circumstances of this case, we do not believe there was any error because the trial court was unaware of the correct standard of proof. Our review of the record indicates that the court's findings are supported by clear and convincing evidence. More important, the court stated that it found "clear" indication of the establishment of a joint account. In *In re C. W.,* 148 Vt. 282, 284–85, 532 A.2d 566, 568–69 (1987), we took use of the word "clear" in the court's finding to mean that it found clear and convincing evidence for its conclusion. We believe the court's findings so indicate in this case.

## II.

Appellant also argues that the court improperly excluded from the estate one account at the Troy Savings Bank held by decedent in trust for Mrs. Lindquist. He alleges that Mrs. Lindquist failed to prove a clear and unequivocal intention by the depositor to create a trust. We hold that the court was correct in excluding the account because it constituted of a valid Totten trust.

8 V.S.A. § 907 states, in part, that

> [w]hen a deposit is made in a bank by one or more persons in trust for another, the name and residence of the

---

[2] Appellant argues that the court improperly placed on him the burden of proving that the accounts should have been included in the estate because it stated that it found "that there has been no evidence that would support inclusion of these accounts in the inventory of the Estate." However, before making the statement the court had affirmatively found clear evidence that the accounts were established as absolute joint accounts.

person for whom the deposit is made shall be disclosed, and the deposit shall be credited to the depositor or depositors as trustee for such person. When other notice of the existence and terms of a legal trust is not given in writing to the corporation, at the death of the trustee, or if there is more than one trustee, at the death of the surviving trustee, the deposit or any part thereof, with the interest thereon, may be paid to the person for whom the deposit was made, or to his estate.

In *In re Totten*, 179 N.Y. 112, 125–26, 71 N.E. 748, 752 (1904), the Court of Appeals of New York laid out the following rule:

A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies . . . . In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.

Although, in essence, 8 V.S.A. § 907 encourages banks to treat accounts held in trust as Totten trusts unless they are informed otherwise, Vermont has not yet recognized Totten trusts. See *Methodist Church v. First National Bank*, 125 Vt. 124, 130, 211 A.2d 168, 172 (1965) (former 8 V.S.A. § 808, the precursor of 8 V.S.A. § 907, interpreted as merely a provision for the protection of banks and did not change or affect the title of deposits). However, although § 907 technically only protects banks, given its existence, it is more consistent to recognize the presumption laid out in *Totten*. Accord *Seymour v. Seymour*, 85 So. 2d 726, 727 (Fla. 1956) (Totten trust doctrine accepted by court "without hesitation" because such trusts have been accepted in many jurisdictions and because a statute similar to § 907 existed); *First Federal Savings & Loan Association of Evansville v. Baugh*, 160 Ind. App. 102, 107, 310 N.E.2d 101, 104 (1974) (existence of a statute similar to § 907 given as a reason for expressly recognizing Totten trusts); *In re Jeruzal's Estate*, 269 Minn. 183, 187, 130 N.W.2d 473, 476 (1964) (statute similar to § 907 was interpreted as providing for the establish-

ment of Totten trusts). Moreover, the *Totten* presumption has been accepted in numerous jurisdictions. Thus, we now adopt the Totten trust doctrine.

■ In the instant case decedent deposited her own money in her own name as trustee for Mrs. Lindquist. Decedent died without revoking or disaffirming the trust. Thus, the disputed account falls neatly into the Totten trust category and Mrs. Lindquist, the beneficiary, is entitled to the balance in the account.

## III.

■ Lastly, we agree with the superior court's conclusion that the estate was one of unusual difficulty and responsibility. The adversarial relationship of the parties, the litigious atmosphere surrounding the settlement of the estate, the nature of the property at issue, and changes in the rules of probate procedure all support the trial court's decision that the executor was entitled to higher compensation than that mandated by statute. We find no error.

*Affirmed.*