Brown, Admr., Appellant, *v.* Monaca Federal Savings and Loan Association.

Argued March 19, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles McC. Barrickman,* with him *Buchanan & Barrickman* and *Graham & Dilley,* for appellant.

*Lawrence M. Sebring,* with him *Hartford & Prather,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 9, 1945:

For the third time this litigation is before us. It involves the ownership of investments in a Federal Savings and Loan Association. The certificates and savings share account book were marked as payable to "Sarah Brown [decedent], in case of death to Robert Brown and Albert Brown, only". On the application for membership, signed by decedent, the same inscription appears. All of the facts are recited in the two decisions hereinafter referred to and need not be repeated. In an opinion by Mr. Justice PATTERSON, reported in 343 Pa. 230, 22 A. 2d 821, we decided that the writings in question were purely testamentary in character, but were ineffectual as a testamentary disposition because not in compliance with the Wills Act; that they created neither an express trust nor a third party contract. We decreed that Robert and Albert had no title to the securities or their proceeds, and that same should be delivered or paid to the administrator of the decedent's estate. Relief was denied against the association because the orphans' court had no jurisdiction over the collection of a debt due an estate.

Application was then made to the register of wills for the probate of the application of decedent for membership in the association, as the will of decedent, which was refused because it was not signed at the end thereof as required by the Wills Act. The orphans' court reversed the decree of the register and directed probate. In our decision reported in 347 Pa. 244, 32 A. 2d 22, we reversed and reinstated the decree of the register.

The administrator then instituted the present suit in assumpsit in the common pleas court against the association for the securities or their value. At the conclusion of the trial the court directed a verdict in favor of the administrator and against the association for the full amount of the claim. Defendant filed a motion for

a new trial and for judgment n. o. v. The motion for judgment n. o. v. was granted.

The validity of the association's transfer and payment to Robert and Albert depends upon the identical facts which were before us in the other two cases. Contrary to what we held, the court below in the instant case decided that title passed to the two sons as beneficiaries under a tentative trust, and even if that were not true, the two sons were third party beneficiaries under a contract between decedent and appellee association. This was error and the judgment must be reversed.

Whatever interest Robert and Albert possessed could become effective only after death, and hence was testamentary in character. See *Onofrey v. Wolliver*, 351 Pa. 18, page 24 et seq. We have already decided that this transaction did not constitute the two sons third party beneficiaries to a contract between decedent and the association. Neither are we impressed with appellee's argument that the writings constitute a tentative trust. There is not the slightest indication in the whole transaction that decedent expressly or by implication constituted the association or herself trustee for her two sons. We pointed out in *Scanlon's Estate*, 313 Pa. 424, 169 A. 106, that a tentative trust is established where a deposit is made by one person of his own *money*, in his own name *as trustee* for another. The doctrine of a tentative trust which we thus approved was established by *In re Totten*, 179 N. Y. 112, 71 N. E. 748, and was adopted by the American Law Institute in the Restatement of Trusts, Section 58. See Scott on Trusts, Sections 56.6 and 58.3. No trust of any character was here created. Furthermore, no interest passed or was intended to pass until after the death of the owner. The dispositon, being testamentary, was invalid because of a failure to comply with the Wills Act.

The judgment of the court below in favor of the defendant is reversed, and is here entered for the plaintiff in the amount of the verdict of the jury.