STELLA D. SMITH *v.* LAWRENCE H. DESHAW, ADMR., ET ALS.

(78 A2d 479)

January Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed February 6, 1951.

442

*Francis D. Foley* and *Joseph C. McNeil* for the defendants.

*Leary & Leddy* for the plaintiff.

SHERBURNE, C. J.   This is a proceeding to enforce a trust, and comes here upon defendants' exception to a decree in favor of the plaintiff.

The findings of fact, among other things, show the following: On or about its date Mrs. Helen M. Shaw executed the following written instrument:

### "TRUST INDENTURE

"KNOW ALL MEN BY THESE PRESENTS That I Helen M. Shaw, temporarily resident at 94 South Winooski Avenue in the City of Burlington in the County of Chittenden and State of Vermont, because of the gratitude which I bear to Stella D. Smith of said Burlington on account of the care she has given me, the little favors she has bestowed on me and the affection which she has shown for me, do make, declare, publish and acknowledge that I hold in trust for the purpose hereinafter described, the following personal property:

> "All my bank accounts, meaning particularly my bank accounts at the Burlington Savings Bank in said Burlington and at the Union Savings Bank and Trust Company in Morrisville, Vermont, together with all other bank accounts which I may now or hereafter have; together with all my furniture and articles of personal adornment which I may now or hereafter have; together with all other personal property which I may now or hereafter have.

> "Excluding however, anything in the foregoing to the contrary notwithstanding all rights of any kind and nature which I may have at the time of my decease in real estate.

"And I further acknowledge and declare that I hold the foregoing personal property in trust for the following purposes:

"First. The income so long as I shall live to belong to me as my sole and exclusive property, but so much thereof as may remain unexpended by me at the time of my decease shall become a part of the corpus thereof.

"Second. I reserve the right to dip into the principal or corpus for my support, and, to the extent that the same is so used, my discretion in determining that the same is necessary for my support shall not be questioned either in my lifetime or thereafter.

"Third. I reserve the right to dispose in my lifetime, by gift or otherwise, of all or any part of my furniture and of all or any part of my articles of personal adornment, by delivering the possession of the same to the person or persons to whom I may dispose of the same.

"Fourth. All of the principal and corpus, meaning thereby all of the personal property hereinbefore described, which shall remain unexpended at the time of my decease, shall belong to and become the property of the said Stella D. Smith aforesaid, to her sole and separate use and free from the marital rights of her husband.

"IN WITNESS WHEREOF I hereunto set my hand and seal at Burlington in the County of Chittenden and State of Vermont this 2nd day of February 1944.

"Helen M. Shaw, L. S."

At the time Mrs. Shaw executed the trust indenture she owned bank accounts in the Burlington Savings Bank and in the Union Savings Bank and Trust Company. Prior to her death on November 27, 1944, the money in the latter bank was transferred in large part into a savings account in the Chittenden County Trust Company, and the balance into a checking account in that bank. Mrs. Shaw never revoked, altered or modified the trust indenture. The plaintiff did not learn about it until after Mrs. Shaw's death. The chancellor found that Mrs. Shaw was mentally competent and intended to create a valid trust. She died testate. The defendant Deshaw was duly appointed administrator of her estate with the will annexed, and has paid debts allowed by the Commissioners, funeral expenses, probate fees and expenses of administration. The decree declares that the plaintiff is the owner of the balance of the trust fund, which is now deposited in the defendant banks in the

name of the defendant administrator, and orders him to account to and pay the same over to her..

No question is here involved regarding the furniture and articles of personal adornment. We are only concerned with the deposits in the two named banks. The sole question here is whether any beneficial interest in these deposits passed to the plaintiff upon the execution of the trust indenture.

■ Quoting from *Connecticut River Savings Bank* v. *Albee,* 64 Vt 571, 574, 575, 25 A 487, we recently restated most of our law upon voluntary trusts in *Warner, Admr.* v. *Burlington Federal Savings and Loan Assn.,* 114 Vt 463, 467, 468, 49 A 2d 93, 168 ALR 1265. Without repeating all that is there said, we gather that the owner and donor of personal property may, without notice to the beneficiary, create a perfect or complete trust by his unequivocal declaration in writing or by parol, that he holds such property in trust for the purposes named, and the trust is equally valid whether he constitutes himself, or another person, the trustee. The act creating the trust must be consummated and not rest in mere intention. It must appear that the fiduciary relation is completely established. If he constitutes himself trustee it is not necessary as between himself and the beneficiary that he should part with the possession of the trust property. If the donor retains the legal title but effectually declares himself a trustee for the donee, thus clothing the donee with the beneficial estate, the gift is valid although voluntary; the donee's rights are perfect and equity will enforce them against the donor, and all persons claiming under him as volunteers. The trust once created cannot be revoked by the donor, unless the power of revocation is reserved by the donor when he created it.

■■ Where by the terms of the trust an interest passes to the beneficiary during the life of the settlor, the trust is not testamentary merely because the settlor reserves a beneficial life estate or because he reserves in addition a power to revoke the trust in whole or in part and a power to modify the trust. Rest. of Trusts, § 57 (1). Except as to any rule applying to deposits in a savings account in the settlor's name as trustee for another person, where the settlor declares himself trustee and reserves not only a beneficial life estate and a power to revoke and modify the trust but also power to deal with the property as he likes as long as he lives, the intended trust is testamentary. Rest. of Trust. § 57, (3).

Because Mrs. Shaw reserved the right to dip into the principal

or corpus for her support, and to the extent that the same was so used her discretion in determining that the same was necessary for her support should not be questioned, the defendants argue that she reserved dominion and control over the trust property to deal with it as she pleased during her lifetime. We do not agree. True, her discretion as to what was a proper expenditure for her support could not be questioned, except possibly in case of an abuse of discretion, yet any expenditure of the trust property, however extravagant, must be confined to her support. She had no right to give it away or to use it for other purposes.

From a Comment Note in 164 ALR 881, 884-886, we quote: "Many of the courts, especially in the more recent cases, have held that an *inter vivos* trust is not rendered testamentary (and hence invalid if the local requirements as to the execution of wills have not been met) by the fact that a purported trust settlor, along with, or apart from, the power to revoke the trust and to receive the trust income during his lifetime, has reserved a power and right to withdraw, consume or dispose of the principal or corpus of the trust property. Such a reserved power, according to many of the decisions, does not convert a trustee into a mere agent or bailee, as long as the legal title is transferred and the trustee has some power or control over, or duties in connection with, the trust property unless and until it should be withdrawn, consumed, or some disposition thereof made by the settlor. Moreover, upon several occasions the courts have specifically held that a reservation by a settlor of such power and right to withdraw, consume, or dispose of the principal of a trust amounts to nothing more than a reserved power of revocation, and that withdrawals, if made, amount to a revocation *pro tanto* of the trust to the extent of such withdrawals. Under this view the mere fact that withdrawals of principal may be made by the settlor does not indicate that the trustee has no title to the trust corpus and that the trust has no effective existence, but rather indicates that the trust is to continue and exist subject to the right, power, and will of such settlor. There is a trend in cases dealing with the validity of trust declarations to treat a reservation of the right or power to withdraw, consume or dispose of the trust res by the settlor as a condition subsequent which may operate to defeat the interest of the beneficiaries, but which, unexercised, does not prevent the vesting of equitable title." The following are some of the cases cited in support thereof: *Cribbs* v. *Walker*, 74 Ark 104, 85 SW

244; *Kelly* v. *Parker,* 181 Ill 49, 54 NE 615; *Keck* v. *McKinstry,* 206 Iowa 1121, 221 NW 851; *Davis* v. *Ney,* 125 Mass 590, 28 Am Rep 272; *Greeley* v. *Flynn,* 310 Mass 23, 36 NE2d 394; *National Shawmut Bank* v. *Joy,* 315 Mass 457, 53 NE2d 113; *Goodrich* v. *City Nat. Bank & Tr. Co.,* 270 Mich 222, 258 NW 253; *Rose* v. *Rose,* 300 Mich 73, 1 NW2d 458; *Sims* v. *Brown,* 252 Mo 58, 158 SW 624; *Whalen* v. *Swircin,* 141 Neb 650, 4 NW2d 737; *Rosenburg* v. *Rosenburg,* 40 Hun (NY) 91; *Marine Midland Trust Co* v. *Stanford,* 256 App Div 26, 9 NYS2d 648, (affirmed in 281 NY 760, 24 NE2d 20); *Re Shapley,* 353 Pa 499, 46 A2d 227, 164 ALR 877. In the last case the court stated: "We are not prepared to recognize a distinction between settlor's right to withdraw principal from the trust and his right to revoke the trust in whole or in part. Both cause an amendment or partial revocation, and with the same legal effect."

Our own case of *Wade, Admr.* v. *Button,* 72 Vt 136, 47 A 406, is to the same effect. There Lucinda Tarbell executed to the defendant, who had been holding for her a sum of money received from her, a writing in which it was stated that if she did not live to use up her money she wanted the defendant to give it to certain persons, and thereafter the defendant held the money subject to such writing until her death. We held that by the execution and delivery of this writing and the holding of the money thereunder, a valid voluntary trust was created for the persons therein named, subject to be defeated only by said Lucinda's using up the fund during her life. One of the authorities cited was *Davis* v. *Ney, supra.* In that case a person delivered a savings bank book, accompanied by an assignment, to another, upon an oral agreement that the holder should draw for the donor what money she wanted during her lifetime, and pay the balance, if any, left at her death to her son. It was held to be in the donor's power to make this disposition of her property. The Court said: "In the case at bar, there was no power to revoke, but the donor was entitled by the agreement to such portion of the fund as she required during her life. Such a provision, like a power of revocation, is not inconsistent with the creation of a valid trust. Trusts may be created by will or inter vivos with power in the trustee to pay, and a right in the cestui que trust to receive, not merely the income, but the principal of the fund, as needed or called for. It is true, all the fund may be drawn out, leaving no balance to satisfy the gift over; but that cannot affect the legal title to the

property in the hands of the trustee, and, if any surplus remains, the party designated should receive it." In all the cases cited the property was transferred to a trustee. Several of the cases cited by the defendants may hold to the contrary, but we decline to follow them.

The foregoing comment note from ALR cites two other cases, where the settlor retained possession of the trust property, as supporting the rule that an inter vivos trust is not rendered testamentary by the fact that the settlor has reserved a power and right to withdraw, consume, or dispose of the principal or corpus of the trust property. We might question the validity of a trust where the settlor declares himself trustee and reserves such a broad power, but we hold that where the right to use the principal is restricted as here the trust is not testamentary. With such a restriction a beneficial interest clearly passed to the plaintiff. There was no such restriction in *Re Tunnell's Estate*, 325 Pa 554, 190 A 906, cited by the defendants. Mrs. Shaw did not have complete dominion within the meaning of Comment (h) under § 57 (3) of the Rest. of Trusts, cited by the defendants, that "Although the settlor purports to create a present trust, he retains such complete dominion over the property that no substantial interest is created in the intended beneficiaries until the death of the settlor, and the disposition is therefore a testamentary disposition and is invalid unless the requirements of the Statute of Wills are complied with."

It is argued that under the language used in the paragraph designated as "Fourth" there is no ascertainable trust res until the death of the settlor, and that consequently there wasn't any trust property for the plaintiff at the time of the execution of the trust indenture. Although the subject matter of a trust must be definite or definitely ascertainable from the facts existing at the time of the creation of the trust, it is not essential that a beneficiary should have the entire beneficial interest or that the extent of the interest of the beneficiary be definite or definitely ascertainable at that time. Comment (e) under § 76 of Rest. of Trusts. It might be questioned if any present interest in the furniture and articles of personal adornment passed to the plaintiff, but we have no concern with that property. The two bank deposits were sufficiently definite under the foregoing rule. Upon execution of the trust indenture the plaintiff took a beneficial interest in these deposits, subject only to Mrs. Shaw's right to the income and to use the principal for her support, regardless of any failure to pass any present interest in the other property.

Possibly this trust indenture could have been phrased better, but the intent as to the bank deposits is clear and unequivocal. No particular formality of expression is necessary to the creation of an express trust in personal property. It is all a question of intent on the part of the declarant. *Porter* v. *Bank of Rutland,* 19 Vt 410, 419; *O'Brien, Admr.* v. *Holden,* 104 Vt 338, 346, 160 A 192; *Dieter* v. *Scott,* 110 Vt 376, 389, 9 A2d 95; *Warner, Admr.* v. *Burlington Federal Savings & Loan Assn., supra,* 469.

*Decree affirmed.*