## Methodist Church of Sandgate, Vermont
### v.
## First National Bank of North Bennington, and John H. Williams, II, Administrator of the Estate of Mary E. Dean Hill

[211 A. 2d 168]

April Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.

Opinion Filed June 1, 1965

*William C. Sennett* for plaintiff.

*Williams & Witten* for the estate.

*Eugene V. Clark* for the bank.

**Shangraw, J.** During January 1964 the plaintiff and the West Side Union Chapel, Sandgate, Vermont, each brought separate and substantially identical actions against the First National Bank of North Bennington, Vermont. The Methodist Church of Sandgate sought to recover of the defendant bank two-thirds of a savings account of $10,203.73 deposited by Mary E. Dean Hill in the bank. This sum was on deposit as of December 30, 1963 and represented by account No. 10789. In the action brought by the West Side Union Chapel it sought to recover of the bank one-third of the outstanding deposit. Mrs. Hill died November 13, 1963, survived by her husband Stephen Hill.

By agreement of the parties to these two actions, and consent granted by the court, John H. Williams, II, administrator of the Estate of

Mary E. Dean Hill was permitted to intervene as a party defendant in each action.

The cases were consolidated for the purpose of trial. Trial was had by the court. Findings of fact were made, and separate judgment orders were issued by which it was adjudged that the savings account No. 10789 was a trust deposit made by the deceased for the benefit of the plaintiffs pursuant to the provisions of 8 V.S.A. §808.

By the judgment orders the defendant bank was ordered to pay to the Methodist Church of Sandgate two-thirds of the proceeds of the savings deposit, namely $6,802.48 with interest thereon at the usual savings account accrual rate from January 1, 1964. The bank was also ordered to pay the West Side Union Chapel of Sandgate the sum of $3,401.24 with like interest.

The administrator has appealed from the findings of fact and each judgment order. By stipulation the two cases were consolidated on appeal and so briefed.

Mary E. Hill (then Mary E. Dean) was a co-depositor with William E. Dean of a savings account at defendant bank before January 1949, which account was "payable to either or the survivor". The account number was 4244. Mr. Dean became deceased in January 1949.

On March 5, 1956 this savings account No. 4244 containing a balance of $4,751.06 was transferred to a new account No. 4244 in the name of Mary E. Hill or Stephen Hill, "payable to either or the survivor".

On September 9, 1959, account number 4244, having a balance of $5,916.11, was closed and the funds transferred to savings account No. 10789 in the name of Mary Hill and Lena Squires. This bank book contained the phrase "payable to either or the survivor" which was printed in below the names of the parties to the account.

On May 7, 1958 Mrs. Hill wrote to the defendant bank as follows:

"N. Bennington, Vt.
May 7, 1958

Mr. Jones
Dear friend,—
Would you please send me word how much I have in the Bank, my book is there. I am sending a check which I wish to have put on my account. And I would like to have Lena Squires name taken off and the two churches in Sandgate put on. The Metho-

dist in East Sandgate and the Chapel in West Sandgate. Lena and Steve talked it all over and she told him all about it so I thought I would change it nobody knows only you and I. Please send me word how much I have on my book.

Thanks a lot.

> Respectfully
> Mrs. Mary Hill
> North Bennington
> Vermont
> R.F.D."

The defendant bank replied as follows:

"May 9, 1958

Mrs. Mary E. Hill,
R.F.D., North Bennington, Vt.

PERSONAL

Dear Mrs. Hill:

This will acknowledge receipt of your favor of the 7th inst. enclosing check for $30.00, which as requested we have credited on your savings account and pass book, which latter we hold here.

The balance now in your account including this deposit and the Jan. 1st interest is $8,534.90.

As instructed in your letter, we have cancelled the name of Mrs. Lena Squires from this account, making the account at present payable to you solely.

I note from your letter that it is your desire to have the funds in this account payable to the two churches in Sandgate, viz. Methodist Church in East Sandgate and the Chapel in West Sandgate. I assume that the funds are only to be payable to the churches at your decease. Will you kindly advise us definitely regarding this and also if it is your wish that each church share equally in the amount.

> Yours very truly
> Cashier"

RAJ/HD

Mrs. Hill replied to the bank's letter of May 9, 1958 as follows:

> "North Bennington, Vt.
> May 12, 1958

Dear friend Mr. Jones,-

Yes the money is to be given to the churches after I am gone

if there is any left. One third to the Chapel on the west side and 2 thirds to the Methodist on the East side.

Thank you so much,<br>Respectfully<br>Mary E. Hill

Thanks again."

Then following the bank's reply to Mrs. Hill's letter of May 12th.

"May 16, 1958

Mrs. Mary E. Hill,
North Bennington, Vt.

Dear Mrs. Hill:

Referring to your savings account in this bank, No. 10879, which account is now payable to your order solely, we understand that at your decease you wish these funds paid one third to the Chapel Church, west side of Sandgate and two thirds to the Methodist Church on the east side of Sandgate.

It would seem to me, therefore, that it would be best to cancel the present pass book and issue two books, one in your name as trustee for the Chapel Church for one third of the amount and the other for two thirds to an account as trustee for the Methodist Church on the east side. Kindly advise if this arrangement is satisfactory to you and if so we will make the necessary changes.

Also, do you wish these funds restricted in any way, that is, to be held and invested and the income paid to the churches, or do you wish the funds turned over to the churches without any restrictions?

We will await receipt of your further advices.

Yours very truly,<br>Cashier

RAJ/HD"

Mrs. Hill replied to the bank's letter of May 16, 1958 as follows:

"N. Bennington, Vt.<br>May 19 - 58

Mr Jones,
Dear Sir,

I would rather it would be left as is payable to the Churches

when I am gone if there is any to pay. My head is to mixed up to do any more one book is enough. Thank you a lot Mr. Jones, it is very kind of you. Thank you again."

Following the above correspondence the bank then altered the original signature card for account No. 10789 by striking out the name Mrs. Lena Squires and typing in "Cancelled Payable at death one-third to Chapel church, West Side Sandgate, Vermont, two-thirds to Methodist Church East Side, Sandgate, Vermont." At the same time the defendant bank typed in the above language on the bank book, account No. 10789, and in addition struck out the words "either or the survivor" which were a printed part of the bank book. The bank also typed in the same language on its ledger card for savings account No. 10789, adding the phrase "see letters attached." Neither plaintiff ever signed the signature card for this account.

The facts concerning the establishment of account No. 10789 in its present form are not in dispute. The only dispute concerns the legal effect of these basic facts.

The plaintiffs alleged, and claimed during the trial, that the account in question was a joint account under the provisions of 8 V.S.A. §810. The trial court held to the contrary, and determined that a valid trust had been created for the benefit of the plaintiffs. On appeal the plaintiffs have shifted gears and now take the position that the findings and conclusions of the trial court are well warranted by the evidence. Not having briefed the initial claim of joint ownership it is considered abandoned. This question is not before us. *Bigelow* v. *Denis,* 119 Vt. 21, 24, 117 A. 2d 261.

However, in passing, we confirm the view of the court that the nature of the deposit did not create a joint tenancy as between Mrs. Hill and the Plaintiff. An estate in joint tenancy is one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship. 14 Am. Jur. Cotenancy, §6, page 79. In a joint tenancy each is said to have the seisin of the whole but has title only to his aliquot part. *State* v. *Parmelee,* 115 Vt. 429, 437, 63 A.2d 203. Unity of interest, title, time, and possession are essential elements of a joint tenancy — that is, each of the owners must have one and the same interest. These essentials must co-exist and are required of a joint tenancy in a bank account. 48 C.J.S. Joint Tenancy, §3, subsection c; 14 Am. Jur. supra, §7, page 81.

There is no dispute as to the basic facts which constitute the fabric

of this lawsuit. The question at issue is whether the facts recited show that Mrs. Hill created a perfect or complete trust for the plaintiffs of account No. 10789 in defendant bank. Substantially all of the law necessary for the determination of this question is found in the case of *Jerry Est.* v. *Fed. Sav. & Loan Assn.,* 114 Vt. 463, 49 A. 2d 93, and the following cases therein cited on page 467 of the opinion, viz: *Pope* v. *Burlington Savings Bank,* 56 Vt. 284, 290, 291, 48 Am. Rep. 781; and *Connecticut River Savings Bank* v. *Albee,* 64 Vt. 571, 574, 575, 25 Atl. 487. See, *Smith* v. *Deshaw,* 116 Vt. 441-448, 78 A. 2d 479.

■ No particularity of expression is necessary to the creation of an express trust in personal property. It is all a question of intent on the part of the declarant. But in case of a declaration of trust, the declaration must be clear and unequivocal that the owner holds the property in trust for the purposes named. *Jerry Est.* v. *Fed. Sav. & Loan Assn.,* supra, at p. 469, and cases cited. Where no interest in the trust property is created in a beneficiary other than the settlor before the death of the settlor, the diposition is testamentary and is invalid unless the requirements of the statutes relating to the validity of wills are complied with. Restatement, Trusts 2nd, § 56, page 145; *Brown* v. *Monaca Savings & Loan Asso.,* 352 Pa. 1, 42 A. 2d 50.

Two questions arise with respect to a deposit in a bank in trust for another. The first question is the intention of the depositor in making the deposit. The second question is whether there is any obstacle in the way of the effectuation of his intention. 1 Scott on Trusts, § 58, pg. 477.

■ The estate agrees that Mrs. Hill's general intention was that account No. 10789 be paid to the churches after her death, if there was anything left. However, contention is made that it was error under the facts of the case for the trial court to equate this general intention with a specific intention to create a trust account. The burden of proof to establish a completed trust was upon the plaintiffs. *Jerry Est.* v. *Fed. Sav. & Loan Assn.* supra, p. 471.

The trial court in holding the account a trust deposit apparently anchored its decision on 8 V.S.A. § 808, referred to in the findings of fact and judgment orders. This section provides:

"808. Trust deposits; payment on death of trustee.

When a deposit is made in a bank by one or more persons in trust for another, the name and residence of the person for whom the deposit is made shall be disclosed, and the deposit shall be credited

to the depositor or depositors as trustee for such person. When other notice of the existence and terms of a legal trust is not given in writing to the corporation, at the death of the trustee, or if there is more than one trustee, at the death of the surviving trustee, the deposit or any part thereof, with the interest thereon, may be paid to the person for whom the deposit was made, or to his estate. As used in this section the word "bank" includes a national bank doing business in this state".

■ The purpose of section 808, supra, was for the protection of the bank paying money to persons named in deposits made in the manner specified in the statute, and does not change or affect the title to such deposit. *Rice* v. *Bennington Co. Sav. Bank,* 93 Vt. 493, 503, 108 Atl. 708. The Rice decision, supra, had particular reference to the payment by banks of joint deposits under G. L. 5376, now 8 V.S.A. §809. Sections 808 and 809 are bank payment statutes of a similar type.

By its correspondence with Mrs. Hill, more specifically its letter of May 16, 1958, the bank suggested that the funds represented by the bank account be deposited in separate trust accounts for the benefit of the churches. This suggestion was rejected by Mrs. Hill in her letter of reply dated May 19, 1958. The words " in trust" do not appear on the bank book or the records of the bank, nor do the instructions given by Mrs. Hill concerning this account convey this meaning. Her letters, quoted in this opinion, negate such intention. The bank complied with the instructions contained in her letters by setting up the account as it did without designation of the owner as trustee. An act creating such a trust must be consummated, and not rest in mere intention. It must appear that the fiduciary relation is completely established. *Smith* v. *Deshaw,* supra, p. 444.

It may well be that the decedent had in mind a joint account, which failed, similar to that which once existed between herself and Lena Squires, rather than a deposit in trust. However, the facts in this case fail to demonstrate a clear and unequivocal intention to create a trust for the benefit of the churches. The judgment orders must be reversed.

In view of the result we need give no consideration to remaining points briefed by the parties.

*Judgment reversed. Defendants to recover their costs.*