## Teresa Ortiz Tyree v. Manuel Ortiz

[ 243 A.2d 774 ]

April Term, 1968

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 4, 1968

*Reginald T. Abare, Esq.,* for the Plaintiff.

*Cornelius O. Granai, Esq.,* for the Defendant.

**Smith, J.** The plaintiff, Teresa Ortiz Tyree, and the defendant, Manuel Ortiz, are mother and son. In dispute between these parties is the possession of a Treasurer's check in the amount of $6,500.00 payable to the plaintiff by the Barre Trust Company, a banking institution of Barre, Vermont, as well as a passbook of the same Barre Trust Co., with "Mrs. Leo Ortiz, Trustee for Manuel Ortiz," written on its face, and showing a balance of $1,761.97.

At the time that the plaintiff brought her Bill in Chancery in the Washington County Court of Chancery both the check and the passbook were in the possession of the defendant and his attorney, but during the hearing on the plaintiff's bill, and the defendant's answer and cross bill, these items were turned over to the Court of Chancery to be held until final determination of the cause. Hearing was held on the matter by the Washington County Court of Chancery on November 2, 1967; findings of fact were made and filed on November 15, 1967, and a final decree awarding the check and passbook to the plaintiff was filed on December 1, 1967. It is from this decree, as well as exceptions to certain of the facts found, that defendant has taken his appeal here.

Based upon those findings of fact made below to which the exceptions were taken the following factual situation existed. The passbook, the ownership of which is now disputed, was first issued in 1925 with a deposit of $1.00 made by the Barre Trust Company, in connection with the then practice of the bank to establish such an account upon the birth of each child in the community.

The account lay dormant for many years, except for interest accumulation, until Mrs. Tyree (then Mrs. Ortiz) commenced making

deposits in such account from her earnings. Soon after the death of her first husband, Leo Ortiz, father of the defendant, Mrs. Tyree sold the house which had been owned by the couple, and deposited the sum of $3,700.00 in the account on August 18, 1945.

The defendant, in his brief, attaches the greatest importance to the fact that the account, represented by passbook No. 2824, was originally established by the Barre Trust Co., with the one dollar token deposit. But from the time of its inception, the passbook was retained by Mrs. Tyree, the account was completely under her management and control, and all monies placed in the bank account were deposited by her from her own funds. Although she may not have been the one who entitled the account "Mrs. Leo Ortiz, Trustee for Manuel Ortiz" her management and control of the account was consistent with the wording of the passbook, and the fact that such designation may have been originally placed on the passbook is immaterial under the factual situation that existed from 1925 until 1967.

Manuel Ortiz had no knowledge that this bank account was in existence until on or about March 24, 1967. At this time, Mrs. Tyree had long been remarried, and having been gone from Barre for twenty-two years, was living in Florida.

She sent the passbook to the Barre bank, requesting that the bank send her a treasurer's check for the sum of $6,500.00, in March of 1967. The bank issued such check and mailed it, together with the returned passbook, supposedly to Mrs. Tyree. However, through a mistake of the Postal Service both passbook and check were delivered to Manuel Ortiz. He, thereby, gained his first knowledge of the existence of the account and retained both the check and the bank book as his own; the end result of which conduct was the commencement of the Chancery proceedings now before us.

We now turn to a consideration of the briefed exceptions of the defendant to certain findings of fact made by the chancellor below. The first such exception is to Finding 2:

> "In the year 1925 a savings account was opened in the Barre Trust Company on May 14 with a deposit of $1.00. A passbook No. 2824, Barre Trust Company, entitled 'Mrs. Leo Ortiz, Trustee for Manuel Ortiz' was issued to Mrs. Leo Ortiz, the plaintiff; and until on or about May 24, 1967, this passbook was constantly in her possession."

The objection of the defendant is that the finding is without evidence to support it. But the bank book itself, entitled as the finding states, is an exhibit in the case, and the defendant's answer and cross bill states that the account was so established. The uncontroverted evidence in the case is that this passbook was always in the possession of Mrs. Ortiz until mailed by her to the Barre bank in March of 1967.

The defendant argues that Finding 2, above quoted, is based upon the wrongful admission of a signature card held by the bank upon which appears in identical writing the written names of Manuel Ortiz and Teresa Ortiz, with the written word "Trustee" also appearing in a different ink and different handwriting than the two names. But, as just stated, Finding #2 is fully supported by the evidence in the case, excluding any evidence that might be supplied by the signature card, or any evidence in reference to it. The record before us does not support in any way the conclusion of the defendant that Finding #2 was based upon the signature card. Defendant takes nothing by this exception.

The next objection is to Finding #10:

"The defendant Manuel Ortiz claims that the check hereinbefore found and passbook No. 2824 are rightfully his because he is the beneficiary of the trust; and his mother denies the existence of any trust for his benefit. She also denies any right to the control and possession of the check and of the passbook by her son."

Also objected to is Finding #12: "At no time did Mrs. Ortiz Tyree ever tell her son Manuel that the account existed."

Both Findings are objected to by the defendant as being contrary to law. However, we do not find that either of such findings are conclusions of law on the part of the chancellor. Finding #10 is merely a statement of the conflicting claims of the parties, while Finding #12 is based upon the defendant's own testimony, and is uncontradicted evidence. Defendant takes nothing by these exceptions.

Next objected to is Finding 13:

"The original signature card, which was furnished to the Chancellor with the consent of both parties, shows the signature, Manuel Ortiz, Teresa Ortiz, both appearing to be in the same hand and further shows that the word 'Trustee' after the signature Teresa Ortiz appears to be, and we find is, in a different hand than that of the signatures Manuel Ortiz, Teresa Ortiz."

This card was given to the chancellor to examine after the hearing of November 2, 1967. The record before us shows that while a bank official was questioned as to the existence of a signature card during the course of the hearing, such card was not introduced in evidence at that time. At the conclusion of the case, counsel for both parties agreed that if a signature card was discovered by the bank official it could be shown to the court, as well as to the attorney for the plaintiff, and that the attorney for the defendant would "look at it later."

This procedure was followed, with the attorney for the defendant being shown the signature card by the chancellor after it came into the chancellor's possession. No objection was made at that time by the defendant to the consideration of the card, nor was any request made that hearing be held on the question of its admission into evidence.

The objection by the defendant to the chancellor's consideration of the signature card on the ground that he was denied an opportunity to cross-examine the holder of the card is inconsistent with his conduct at the time he examined the card when it was in the possession of the chancellor, and comes too late in view of his lack of objection at that time.

Further, although the defendant contends here that Finding 13 is the basic finding upon which the whole case revolves, we do not find it so. The chancellor finds only that the word "Trustee" on the card is in a different hand than that of the signatures on the card, but makes no conclusionary finding from this fact.

It is plain and evident, as we shall demonstrate later in this opinion, that the chancellor's determination of the question presented, and the decree made, were based upon a consideration of the passbook, and the intention of the plaintiff, and not upon the signature card, and that the finding relative to the signature card was an immaterial one. Defendant takes nothing by this exception.

Next excepted to is Finding 21:

"At all times material Teresa Ortiz Tyree has treated this account as being her own. It was the intention of Teresa Ortiz at all times material from the inception of this account to retain control over the same and have the funds available for such use as she may have desired; and if there were any funds left at her decease that the same would go to Manuel. I cannot find that the monies represented by the passbook in question were placed there

to be used for the defendant Manuel Ortiz' education if he returned from the war as claimed by him in his pleading."

■ The basis of the exception briefed here by the defendant to the finding is that it is immaterial. The finding is based upon the undisputed evidence of the plaintiff as to her use of the account, and her intentions relative to it. No evidence was adduced by the defendant in support of the claim in his pleadings that such account was set up to provide for his education after the termination of his military service. The finding is legally supported by evidence and it is binding on us. *Laird* v. *State of Vermont Highway Dept.*, 112 Vt. 67, 85, 20 A.2d 555.

An exception is also briefed here to Finding 25:

> "Teresa Ortiz Tyree testified that she had the words 'Trustee' added to the account after the death of her husband, but I'm unable to find this as a fact."

It is the contention of the defendant that this finding is not supported by the evidence in that the plaintiff testified that she did add the word "trustee" to the account after the death of her husband.

All of the evidence on this subject was given by the plaintiff. It is evident from the transcript before us that plaintiff was confused not only as to the time when she wrote the word "Trustee," but the same confusion extended as to the document upon which the word was added. The physical evidence of the passbook itself, as well as the findings, establish that the title "Mrs. Leo Ortiz, Trustee for Manuel Ortiz" was placed upon the passbook at the time the account was opened. As we have before pointed out, the answer and cross bill of the defendant states that the account was so established.

It was the signature card to which the word "Trustee" was added in a different handwriting than that of the signatures on such card. This being the only additional writing added to either the passbook or the signature card, since their inception, it is obvious that any testimony of the plaintiff relative to her writing in the word "trustee" applied only to such card, and not to the passbook, the title of which had remained unchanged. The finding objected to is supported by the evidence, and no error is found.

Defendant's last exception to the findings is to No. 28:

> "Teresa Ortiz Tyree is the legal and equitable owner of the funds represented by the passbook in question and the treasurer's

check in question; and the defendant's cross bill should be dismissed and an order shall issue enjoining and restraining Manuel Ortiz from taking any action to attempt to withdraw any funds and/or from assigning said passbook No. 2824 and declaring that Teresa Ortiz Tyree is the rightful owner of said bank book and treasurer's check as hereinbefore described in these findings."

The defendant has briefed no exceptions to Findings 26 and 27 which provide the basis for the conclusionary Finding #28, and which we now quote:

"26. I do believe and find that it was never Teresa Ortiz' intention at all times material to confer any right, title or interest in and to the fund to Manuel Ortiz during her natural life, the working (sic, on the passbook and signature card notwithstanding.

27. Teresa Ortiz is the rightful owner of the funds represented by passbook No. 2824, Barre Trust Co., and is, also, the rightful owner of the treasurer's check, Barre Trust Company, dated March 24, 1967, No. T-11842 in the sum of $6,500.00."

These findings, unexcepted to, are sufficient to support Finding 28. In Finding 24, to which no exception was taken, the chancellor found that Mrs. Tyree's intention was to retain control and dominion over the savings account represented by the disputed passbook, and not to confer any beneficial interest in the same to Manuel Ortiz.

"No particular formality of expression is necessary to the creation of an express trust in personal property. It is all a question of intent on the part of the declarant." *Jerry's Est.* v. *Burlington Federal Savings and Loan Association,* 114 Vt. 463, 469, 49 A.2d 93, 96, 168 A.L.R. 1265.

While the trust account here in question was opened with a token deposit of one dollar by the Barre bank, the account did establish Mrs. Tyree as the trustee of such account, and all monies thereafter deposited in it were from her funds, and the passbook was at all times within her management and control, nor did Manuel Ortiz have any knowledge of the transaction.

The defendant did not except to Finding 16, now quoted:

"The amounts deposited in the account represented by Passbook No. 2824 were deposited by Mrs. Ortiz Tyree from

monies that she realized from the sale of the house, the sale of furniture, and other monies which she was entitled to from her earnings."

■■ This finding makes it abundantly clear that, except for the token dollar contributed by the bank, all of the money in the account came from deposits of money made by the plaintiff from her own earnings. Since the plaintiff was the owner of the funds which composed the bank account, the legal and equitable title to the account was in the plaintiff, unless the defendant could prove that his mother had established a completed trust for his present benefit. On this issue the burden was on the defendant. *Methodist Church of Sandgate* v. *First National Bank of North Bennington,* 125 Vt. 124, 129, 211 A.2d 168; *Jerry's Est.* v. *Federal Savings and Loan Association, supra.*

■ The defendant contends that this account in the Barre bank was a joint account of the plaintiff and the defendant, but no evidence was offered below in support of this assertion.

"An estate in joint tenancy is one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives and having as its distinguishing feature the right of survivorship." *Methodist Church of Sandgate* v. *First National Bank,* 125 Vt. 124, 128, 211 A.2d 168, 171.

The nature of the deposit here did not create a joint tenancy by its terms.

■ The question which the chancellor had to determine in the instant case was the intention of Mrs. Teresa Ortiz Tyree in making the deposits in the Barre bank, evidenced by the passbook which bore her name as trustee for the defendant. In order for the defendant to retain the passbook and treasurer's check as his own property, the chancellor would have to find a gift inter vivos from the plaintiff to the defendant.

"To constitute a gift inter vivos there must be an intention on the part of the donor to transfer the title to the property immediately and irrevocably accompanied by such delivery as will place the donee in complete possession and control of the same, unless the delivery is to a third party for the donee. * * The existence of these elements is for the trier of fact to decide." *Little* v. *Little,*

124 Vt. 178, 185, 200 A.2d 276, 281; *Colby's Executor* v. *Poor,* 115 Vt. 147, 152, 55 A.2d 605, 608.

Unlike most controversies involving the intent of a declarant of the creator of a trust in personal property, where the declarant has deceased, and a determination of intent must be made on a factual situation, this declarant was alive, and gave testimony on her intent in making the deposits in the disputed bank account. Both her parole declarations, as well as the fact that no delivery was ever made to the defendant of the bank account, or that he was ever in possession and control of the same, completely dispells and negates any claim of an intention to constitute a gift inter vivos of the bank account.

*The findings of fact made below are supported by the evidence in the case and such findings support the decree made below that the bank account and the treasurer's check are the property of the plaintiff.*