### State of Vermont v. Ellen Thomas, Joint Owner, Estate of Lena M. Palmer

[303 A.2d 465]

No. 137-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Kimberly B. Cheney,* Attorney General, and *James E. Hirsch,* Assistant Attorney General, for Plaintiff.

*John R. Barrera, Esq.,* of *Conley & Foote,* Middlebury, for Defendant.

**Smith, J.** The case was brought by the State of Vermont for the Commissioner of Taxes. The State alleged that the defendant, Ellen Thomas, is liable for taxes due on her one-half share of property she jointly owned with the deceased, Lena M. Palmer. The Franklin County Court found the passing of the deceased's interest in the jointly held property was a transfer under 32 V.S.A. § 6543, and found Ellen Thomas liable for the taxes claimed due.

An understanding of the question presented requires a construction of the statute as applied to the circumstances of the instant case.

"§ 6543. (a) A person in a class liable to a tax under sections 6541 and 6542 of this title, who acquires title to real estate within this state or any interest therein by deed, grant, gift, or by the exercise of a power of appointment, except in case of a bona fide purchase for a full consideration in money or money's worth, made or intended to take effect in possession or enjoyment upon or after the death of the grantor or donor, and every such person who thus acquires title to personal estate or any interest therein from a deceased person who at the date of his death was an inhabitant of this state and then owned such property, shall pay to the state the same tax that he would have been required to pay had such estate or interest passed to him from such deceased person by will, the laws of descent or decree of a court in this state. Such tax shall be a first lien on the real or personal estate thus conveyed until paid in full."

However, 32 V.S.A. § 6543(c) excepts real and personal property held jointly by a husband and wife.

The undisputed facts of the case before us disclose that, by will, one Lucy P. Thomas left to Lena M. Palmer and Ellen J. Thomas her home place in Addison and the rest, residue and remainder of her personal estate "as joint tenants, to them and their heirs forever." Such property was so decreed by the Probate Court for the District of New Haven on October 11, 1957. On November 26, 1968, Lena M. Palmer deceased. The total value of the property then jointly owned by her and defendant at date of death was $46,570.28. The findings of fact of the lower court disclose that the joint tenancy created by the will of Lucy P. Thomas was never dissolved during the lifetime of Lena Palmer, and that the death of Lena Palmer resulted in the vesting of the entire property in Ellen J. Thomas.

The conclusions of the lower court were that Ellen Thomas was liable to the state for taxes under the provisions of 32 V.S.A. § 6543 for taxes on $23,294.14, the value of the undivided one-half joint interest which she received as the result of the death of Lena M. Palmer. It was the finding of the lower court that the failure of Lena M. Palmer to otherwise dispose of her interest in the jointly held property during her

lifetime constituted a grant or gift of such interest to Ellen Thomas by Lena M. Palmer upon her death and was a transfer under 32 V.S.A. § 6543.

The lower court found that at no time during her lifetime did Lena M. Palmer transfer by deed, or in any other manner, any portion of the jointly owned property to Ellen Thomas. What the court did find, and upon which finding based its judgment in favor of the State for taxes and interest against the defendant, was that a non-action on the part of Lena M. Palmer constituted a gift of her interest in the joint tenancy to the surviving joint tenant, Ellen Thomas. Stated in other language, the conclusion of the lower court was that since one of the joint tenants did nothing to change the relationship of joint tenancy with the other joint tenant during her lifetime, the event of her death operated to make a gift or transfer of her joint interest in the property to the survivor. This conclusion we believe to be incorrect.

We turn now to an interpretation of 32 V.S.A. § 6543 as applied to the factual situation presented here. The purpose of the statute is to compel a person who receives real or personal property through a deed, grant or power of appointment from another, which deed, grant or power of appointment is contingent upon the death of the grantor or owner, to pay to the state the same tax that he would have been required to pay had such estate or interest been passed to him by will or by the laws of descent and distribution.

The legislative intent was to prevent an avoidance of an inheritance tax on property, both real and personal, which, upon the death of the donor, was to come into the possession and enjoyment of the beneficiaries other than by will or the laws of descent and distribution.

"It is quite generally held that taxing statutes are to be strictly construed against the taxing power; and this rule is applied to statutes providing for inheritance taxes. But the real meaning and purpose of the lawgiver is the thing to be sought after, and if fair and reasonable construction discloses it, it is to be given effect. Then, too, we must remember that the section under considera-

tion is not the one that provides for taxing inheritances, direct or collateral, but the one intended to prevent the evasion of such taxes. The very purpose of its enactment was to make it impossible to escape such taxes by transfers merely colorable or fictitious. The policy of such statutes—now in force in many of the states—is that the owner of property shall not evade the tax, except by full and effective transfers made during his lifetime."

*In Re Fulham's Estate,* 96 Vt. 308, 314, 119 A. 433 (1923).

■ We agree with the state there is no doubt whatsoever that property received by a surviving joint tenant is taxable where the deceased joint tenant created the joint tenancy. *State of Vermont* v. *Parmelee,* 115 Vt. 429, 434, 63 A.2d 203 (1949). But, in the instant case, the joint tenancy was created not by the deceased joint tenant but by a third party, previously deceased, from which both joint tenants took their interests. The record before us discloses that each of the joint tenants paid an inheritance tax after the death of Lucy Thomas and the subsequent decree of the probate court.

■ The various Vermont cases cited to us by the state all involved joint tenancies existing between the creator of the tenancy and a beneficiary, which is not the case here. Here, the joint tenancy was created by a third party and not by the tenants themselves. Nor is any claim made here that Ellen Thomas acquired any interest in the jointly owned property by way of any gift, deed or power of appointment from Lena M. Palmer to take effect upon her death, which is the basis for the taxation imposed by 32 V.S.A. § 6543. The state asks that even if this case does not fall under the literal statutory language, which it does not, that because Lena M. Palmer did nothing to dispose of her joint interest in the jointly owned property that we construe it to be a gift or grant from her to Ellen Thomas of her interest in the jointly owned property.

"An estate in joint tenancy is one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship." 20 Am.

Jur.2d *Cotenancy* § 3, at 94.

"In a joint tenancy each is said to have seisin of the whole but has title only to his aliquot part. State v. Parmelee, 115 Vt. 429, 437, 63 A.2d 203." *Methodist Church* v. *First National Bank,* 125 Vt. 124, 128, 211 A.2d 168 (1965).

"The joint tenant who survives does not take the moiety of the other tenant from him or as his successor, but takes it by right under the conveyance or instrument by which the joint tenancy was created." 48 C.J.S. *Joint Tenancy* § 1, b, at 911.

Ellen Thomas did not become seized of the entire property from Lena M. Palmer directly from her or as her successor. She became seized of the entire property under the provisions of the will of Lucy Thomas. But, we think to hold that because Lena M. Palmer did not make a disposition of her joint interest in the property before her death constituted a gift of her joint interest to Ellen Thomas calls for forced and false reasoning. It is true that Lena M. Palmer could alienate her own interest in the property held jointly with Ellen Thomas, but it is also true that it was the will of Lucy Thomas which created the right of survivorship in Ellen Thomas. The possession of the entire estate by Ellen Thomas came about by the terms of the will. No gift or grant from Lena M. Palmer was necessary, or needed, to perfect the title of Ellen Thomas to the entire property once Lena M. Palmer predeceased her.

The statute, 32 V.S.A. § 6543, is specific in its application to those acquiring property, under its provisions, by "deed, grant, gift or power of appointment." The facts of the case make clear that the property of Ellen Thomas, now sought to be taxed, was not acquired by reason of any of such provisions.

Statutes in other jurisdictions taxing such transfers reach them by virtue of specific and precise language not present in the instant statute.

The judgment of the lower court must be reversed in that no tax is due to the State of Vermont from Ellen Thomas under the provisions of 32 V.S.A. § 6543.

The entry is: *Judgment reversed, and judgment entered for the defendant with costs.*