**Shirley L. Reynolds, Admin. of the Estate of Lawrence K. Shambeau v. Mary H. Shambeau**

[437 A.2d 1101]

No. 333-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed November 3, 1981

*Bloomer and Bloomer,* Rutland, for Plaintiff.

*Sigismund J. Wysolmerski* of *Abatiell and Abatiell,* Rutland, for Defendant.

**Barney, C.J.** Lawrence Shambeau died on October 28, 1976, leaving his widow, Mary, and a daughter by a previous marriage, Shirley Reynolds. Mrs. Reynolds was appointed administratrix of her father's estate. When she listed a certain bank account on the inventory of the estate, Mrs. Shambeau refused to acknowledge it as a probate asset, and Mrs. Reynolds brought this suit to recover the money. The administratrix now appeals from a jury verdict below which found the defendant not liable for the bank account fund.

Lawrence and Mary married in June, 1974, and during that month they established a joint savings account into which, over the next three months, they deposited money that each had held separately prior to the marriage. Evidence offered at trial established that three deposits were made in this account prior to Lawrence's death, amounting to a total of $59,452.88. Of this amount something less than $5,000 was contributed by Mary, the bulk of the fund being traceable to bank accounts formerly held by Lawrence.

In the following May, 1975, a second savings account was opened in the name of "Mary Shambeau, Trustee for Lawrence K. Shambeau," by transferring $20,000 from the joint savings account. This trust account is what the administratrix seeks to recover. She argues that since it was Lawrence's money which set up the account, the money remaining in the account at the time of his death ought to pass to his estate under the general rule of trusts, that where a deposit is of one's own funds in the name of another as trustee for the person making the deposit, the deposit does not become the property of such other upon the death of the beneficiary.

Although the administratrix's statement of the law is correct, on the facts of this case she cannot prevail. Her claims of error below are all based on the assumption that the $20,000 transferred belonged only to Lawrence. That assumption being unfounded as a matter of law, the claims must all be denied.

The joint account held in the names of "Lawrence K. Shambeau and Mary Shambeau" was payable by its terms "to either owner . . . (a)nd in the event of the death of either, the monies due thereon shall belong and be paid to the survivor."

Under 8 V.S.A. § 909, absent fraud, undue influence, or incapacity, none of which is alleged here:

> The recital of the words "payable to either or to the survivor" or words of like effect in the order creating such [joint] account and signed by the person or persons who furnish the funds for such deposit shall be conclusive evidence, as between the payees and their legal representatives, of the creation of an absolute joint account.

Thus, Mary Shambeau was an owner by the entirety of the funds in the joint account, and when she transferred the $20,000 to establish the trust account it was her own money as much as Lawrence's which she was transferring.

Savings account trusts created by a person's deposit of her own money in her own name as trustee for another, standing alone, do not establish an irrevocable trust during the lifetime of the depositor, but rather a "tentative trust" revocable at the will of the depositor and terminable by the death of the beneficiary prior to the death of the depositor. Annot., 64 A.L.R.3d 221 (1975); Restatement (Second) of Trusts § 58 (1959). The "tentative trust" does not vest absent an unequivocal act or declaration by the depositor-trustee completing a gift of the money to the beneficiary, and thereby making the gift irrevocable. *In re Totten,* 179 N.Y. 112, 71 N.E. 748 (1904). The burden is on the named beneficiary to prove a completed trust for his benefit. *Tyree* v. *Ortiz,* 127 Vt. 177, 184, 243 A.2d 774, 778 (1968); *Methodist Church of Sandgate* v. *First National Bank of North Bennington,* 125 Vt. 124, 129, 211 A.2d 168 (1965); *Warner* v. *Burlington Federal Savings & Loan Association,* 114 Vt. 463, 471, 49 A.2d 93, 97 (1946).

The administratrix here offered no proof that the trust account was intended to be a completed gift. Mrs. Reynolds' argument, that the account *must* have been intended as a completed trust because Lawrence *could* have left the money in the joint account if he wanted it to pass to Mary at his death, again erroneously presumes that the money deposited was Lawrence's and that it was only intended for his benefit. The inference as to intent argued for is not legally compelled, and did not find acceptance with the jury as factual proof.

It is equally apparent that a trust account such as this one can provide protection for the depositor-trustee from the withdrawal of funds by the beneficiary in a way that a joint account cannot. It can function exactly as Mary Shambeau testified that this account was meant to, as a certain resource for the payment of medical and funeral expenses of the deceased spouse by the survivor of the marriage, whoever that might be.

Nor is plaintiff's claim that the court's failure to charge on the rights and duties of an administratrix helpful to her case. Those rights and duties were not in issue. The role of the administratrix in bringing this suit was properly brought before the jury on direct examination, and the plaintiff had full opportunity to explain that in her official capacity she was charged with assembling the assets of the estate, and in that regard had instituted this suit. The matter, while relevant, is not material to any controlling issue in dispute before the jury, and it was not error, therefore, to omit it from the charge. *Scanlan* v. *Hopkins,* 128 Vt. 626, 632, 270 A.2d 352, 356 (1970).

*Judgment affirmed.*